## HAYS *v.* SEWARD, Administrator of HAYS.

CONTRACT.—A, by his will, devised his real estate to his wife for life. After the death of A, his widow continued to live upon the land with her children, the eldest son, B, taking the management of the land, and the whole family receiving their support from the common earnings, and living together as one family. After the death of B, the widow filed her claim against his estate for the rents of the farm, and for services in keeping house for him.

*Held,* that as the evidence failed to show any contract, express or implied, on the part of B, to rent the farm, or to pay his mother for her services, she was not entitled to recover.

*Held,* also, that as B was a minor at the death of his father, and continued to live with his mother after he attained his majority, as a member of her family, she was not entitled to recover for his board, or he for his labor, without an agreement to that effect.

APPEAL from the *Madison* Common Pleas.

ELLIOTT, C. J.—The appellant filed a claim in the Common Pleas Court, against the estate of *John Hays*, deceased, as follows :

" The estate of *John Hays*, deceased, Dr. to *Hannah Hays.*

*June* 16, 1863.—To rent of farm of which *Silas Hays* died seized, - - - - -$1,416 00
    To labor in keeping house for *John Hays*, deceased, - - - - - 584 00

                                              $2,000 00

The account was verified by an affidavit.

The appellee, the administrator of the estate, appeared and filed an answer of several paragraphs, viz:

1. The general denial.
2. Payment.
3. The statute of limitations.
4. Set-off.

Replication in denial of the second, third and fourth paragraphs.

Trial by jury; finding and judgment for the defendant. Exceptions were properly taken to the overruling of a motion by the plaintiff for a new trial. The evidence is in the record, and shows that *Silas Hays*, the husband of the appellant, died seized of a farm, on which he resided, in *Madison* county, in *December*, 1848, leaving a family consisting of his widow, (the appellant,) two sons, *John* and *Seth*, and four daughters. By his last will, he devised his farm, consisting of eighty acres, to the appellant during her widowhood, and, at her marriage or death, to his two sons, *John* and *Seth*, in fee, they paying to each of his four daughters $100, within one year after the marriage or death of his widow.

*John* was the elder of the two sons, and had superintended his father's business for some time before his death, though he was only of the age of eighteen or nineteen years when his father died.

The appellant and her six children continued to live on the farm after the death of *Silas*. *John*, being the elder of the two sons, took the control and management of the stock and farming operations, and he and *Seth* performed the labor on the farm. The appellant had charge of the household affairs, and was assisted in her labor by her daughters. Thus they all continued to live together on the farm as one family. All received their support from the common earnings, without any special contract or agreement, and without any account or charges being kept or made. The three elder daughters married within three years next succeeding the death of their father, and moved from the farm, after which the appellant and her remaining daughter kept the house, until the death of *John* in 1863.

Some years after the death of his father, *John* purchased eighty acres of land, adjoining the homestead, for $500, a part of which, at least, was paid from the earnings on the farm. *John* and *Seth*, before the death of the former, cleared and put in cultivation the residue of the

eighty acres of land constituting the homestead. The evidence further shows that *John* intended to give *Seth* the benefit of one-half of the eighty acres of land that he had purchased, by ultimately dividing the whole one hundred and sixty acres equally between them, but he was taken sick and died when *Seth* was absent from home, and his intention in reference to the land was not executed.

There is nothing in the evidence from which an inference can be drawn that *John* rented the farm of his mother, or had, in any legal sense, the possession of it. He was a member of his mother's family, the same as each of her other children. The land was hers during her life, and she was in possession of and lived on it, with her children, as one family, in harmony. All were industrious, and were supported in comfort.

The evidence does not show that *John* had the possession of the farm, and had hired his mother to keep house for him, either by express contract, or implication, nor that she had agreed to pay him for his labor on the farm.

· The only questions presented for our consideration arise upon the instructions given by the court to the jury.

The court instructed the jury that: 1. "In order to entitle the. plaintiff to recover on the first item of her account, she must establish, by a preponderance of the evidence, that *John Hays* had the use and occupancy of the farm by contract, express or implied."

2. "In order to entitle the plaintiff to recover on the second item in her account, she must prove that she was keeping house for *John Hays*, at his instance and request. If so, the law would imply a promise on his part to pay what such services were worth."

These instructions seem to contain a proper enunciation of the law. They were certainly pertinent to the issue and evidence in the case, and were, therefore, properly given.

The court also instructed the jury as follows: "If you find, from the evidence, that the deceased, at the time of

his father's death, was a minor, under the age of twenty-one years, and remained with his mother, the plaintiff, for a number of years after he attained the age of twenty-one years, without any agreement as to wages for his labor, and no agreement that he was to pay for his board, the plaintiff cannot recover, in this case, for work and labor in keeping house for said *John*."

We think there is no valid objection to this instruction. The appellant's counsel concedes that if the son had lived with the *father*, under the circumstances stated in the instruction, the law would be as stated, but does not think the rule applicable in the case at bar, as here the son was living with his *mother*. No authority is referred to, or reason given for the distinction, and we do not think any exists. There was no error in giving the instruction.

Other instructions were given and excepted to, but no point is made upon them in the appellant's brief, and they seem to be unobjectionable.

The verdict is clearly sustained by the evidence, and we think the judgment should be affirmed.

The judgment is affirmed, with costs.

*W. R. Pierse* and *H. D. Thompson*, for appellant.

*J. W. Sansberry* and *J. W. Davis*, for appellee.