PIERCE, Appellant, vs. PIERCE, Respondent.

*September 8 — September 22, 1885.*

64　　　73
57 LRA 740n

*(1) Parent and child: Equity: Support. (2) Partition of estate: Estoppel.*

1. The parents of an infant child lived apart, and the mother supported it both before and after lands were devised to it. Upon the death of the child the parents became its sole heirs. *Held*, that in equity the mother was entitled to an allowance out of the child's estate for the amount expended by her upon its support. TAYLOR, J., dissents.
2. In 1875 P. devised certain lands to an infant child, upon whose death in 1876 the lands descended to his parents. In May, 1883, on petition of the mother, partition of the estate of P. was made by the county court, and the lands devised to the infant child were divided between the parents as his sole heirs. In July, 1883, administration of the child's estate was granted to the mother, and she thereupon presented a claim against such estate for the support and maintenance of the child. *Held*, that the partition of the land was subordinate and subject to the payment of claims against the estate of the child, and did not estop the mother from asserting such claim.

APPEAL from the Circuit Court for *Rock* County.

The case is sufficiently stated in the opinion.

*A. Hyatt Smith*, for the appellant, argued that the father is bound to support mother and child. The mother may recover for maintenance when the child has property; not so the father. *Whipple v. Dow*, 2 Mass. 415; *Daws v. Howard*, 4 id. 97; 2 Kent's Comm. 191. Though after the father's death the mother is the head of the family, yet the courts show special favor to her, and if the child has property they will rather in any case charge the expense of its education upon the property than force her to contribute. Schouler, Dom. Rel. 239; *Haley v. Bannister*, 4 Madd. Ch. 275; *Hughes v. Hughes*, 1 Bro. C. C. 388; *Lanoy v. Duchess of Athol*, 2 Atk. 444; *Ex parte Petre*, 7 Ves. Jr. 403; *Mowbry v. Mowbry*, 64 Ill. 383. When the mother has main-

tained her infant child without the order of the court, it is held that upon its decease she can claim for past maintenance. *Bruin v. Knott*, 9 Jur. 979. And in any case the widowed mother is entitled to a reasonable allowance out of her children's estate when her own means are limited. *Wilkes v. Rogers*, 6 Johns. 566; *Heyward v. Cuthbert*, 4 Desaus. 445; *Osborne v. Van Horn*, 2 Fla. 360; *Bradshaw v. Bradshaw*, 1 Russ. 528.

For the respondent there was a brief by *Sale & Pierce*, and oral argument by *Mr. Pierce*. They contended that it is the duty of the parents to maintain their children. Schouler, Dom. Rel. sec. 236; Reeve, Dom. Rel. 283; 1 Bl. Comm. 446; *McGoon v. Irvin*, 1 Pin. 526. A parent is without legal right of reimbursement for outlay for support of a child. *Darley v. Darley*, 3 Atk. 399; *Bradford v. Bodfish*, 39 Iowa, 683; *Dedham v. Natick*, 16 Mass. 140; *Duffy v. Duffy*, 2 Am. Law Reg. (N. S.) 434–5. The law raises no presumption of a contract on the part of a child to pay for support furnished by the mother. *Cummings v. Cummings*, 8 Watts, 366; *Hays v. Seward*, 24 Ind. 352; *Tyler.v. Burrington*, 39 Wis. 376. The appellant is estopped from setting up a claim against the child's estate of which she and the respondent are the owners, for the reason that she was the petitioner in proceedings to partition his real estate, and the respondent being also a party the law implies a warranty and title from one to the other. 1 Washb. on R. P. 432; Bigelow on Estoppel, 346; *Van Orman v. Phelps*, 9 Barb. 500.

ORTON, J. Prosper A. Pierce died, leaving a will, by which one third of all his property was devised to the appellant and her four children, share and share alike, and the respondent was executor. One of said children was Harvey Pierce, born in 1871, and died in 1876. The husband of the appellant, and father of said children, was George M.

Pierce, who lived separate from his family, and the appellant boarded, cared for, supported, maintained, and clothed the said Harvey, with the other children, during his life, by her own exertions, and at her own cost and expense. The share of said Harvey, deceased, in said estate descended to his father and mother, as his only heirs, and was of the value of about $900. George M., the father, deeded his share thereof to one Blunt, and Blunt deeded the same to *Stephen C. Pierce*, the said respondent. The appellant became administrator of the estate of her son Harvey, deceased, and presented her claim for the care and maintenance of said Harvey to the county court, which was disallowed, and she appealed to the circuit court, and said order was affirmed, and her claim again disallowed, with full costs, in favor of the said *Stephen*, the contestant. These facts appear in the finding of the circuit court and history of the case.

The learned counsel of the respondent contends that the appellant, as the mother of Harvey, was bound as his natural guardian to support him gratuitously, and that she is estopped by the partition of the estate of Harvey between herself and said respondent, for which she was the petitioner; and these are the only questions in the case. The learned counsel of the appellant contends that in equity she is entitled to such allowance out of the estate of Harvey, as against her co-heir and husband, who utterly failed to support, or contribute to the support of, the child Harvey.

As to the claim that the appellant is estopped, and that *Stephen C.*, the respondent, is an innocent purchaser, and should be protected against said claim for an allowance, it is sufficient to say that the partition and the conveyances are subordinate and subject to the settlement of the estate of Harvey and the payment of claims against it; and further, as to the conveyance, it does not appear that the grantees paid value, and the said *Stephen C.* purchased with notice; and further, as to the partition, it is not inconsistent with

the claim, and so far as it imports title in *Stephen C.*, such title is subordinate and subject to the payment of claims against the estate.

The authorities cited by the learned counsel of the respondent on the main question are none of them in point, and some of them are clearly in conflict with the weight of authority. In *Dedham v. Natick*, 16 Mass. 135, the question was of pauper settlement of the children after their pauper father had died and the mother had again married and moved to another town. The court said incidentally that in such a case the mother was the head of her family of such children, and had control of them, and bound to support them, if of sufficient ability, the same as their father would have been if living; and this is made the test of their legal settlement. Reeves, Dom. Rel., cited, has the following note: "As a general rule, as between the father and mother, the obligation to support the child rests principally upon the father." *Cummings v. Cummings*, 8 Watts, 366, was an action of *assumpsit* by the administrator of the estate of the mother for the support of her infant daughter. It was simply held that such support raised no such *assumpsit*. In *Hays v. Seward*, 24 Ind. 352, the father died after devising his estate to his widow for life, which consisted of a farm on which the family lived, and which she enjoyed and used. It was held that there was no implied *assumpsit* by her child to compensate her for its support in infancy. *Darley v. Darley*, 3 Atk. 399, was the case of a father seeking to apply the legacy left to his child to its support. No case cited on behalf of respondent approximates anywhere near this case in its facts and equities.

On the other hand, a widow who had supported her daughter during infancy, she having an estate of her own, maintained an action against the daughter after she became of age for such maintenance. *Whipple v. Dow*, 2 Mass. 415. In *Dawes v. Howard*, 4 Mass. 97, it was held that the

father was bound to support his child, and yet an allowance was made to him out of the child's estate for such support, the father being in indigent circumstances; and it is said "the father was bound to support his child, but the mother was not." In 2 Kent's Comm. 192, it is said: "The father is bound to support his minor children if he be of ability, even though they have property of their own. But this obligation, in such a case, does not extend to the mother;" and many cases are cited to this text, some of which will be found hereinafter noticed. And the author says further: "And the rule as to the father has been relaxed. The courts now look with great liberality to the circumstances of each particular case, and to the respective estates of the father and children."

In Schouler, Dom. Rel. 239, it is said: "It is nevertheless clear that the courts show special favor to the mother, as they should; and if the child has property they will rather in any case charge the expenses of his education and maintenance upon such property than force her to contribute hers;" and many cases are cited. And it is said further: "A court of chancery will not readily make the support and education of infant children a charge upon the property of their widowed mother," etc.; citing many cases. *Haley v. Bannister*, 4 Madd. Ch. 275. In *Hughes v. Hughes*, 1 Brown, C. C. 388, an allowance for the maintenance of the children was made to the parents out of the children's estate. In *Lanoy v. Duke and Duchess of Athol*, 2 Atk. Ch. 444, the widow was allowed for the maintenance of her daughter out of her estate. In *Ex parte Petre*, 7 Ves. Jr. 403, a very large allowance was made to the mother for the support of her son out of his estate. In *Bruin v. Knott*, 9 Jur. Ct. Ch. 979, the widowed mother was allowed for the past maintenance of her son out of his estate after his death. In *Reeves v. Brymer*, 6 Ves. Jr. 425, the father was made an allowance for the past maintenance of his infant daughter

out of her estate, and this was said to be the settled rule.
And in *Sherwood v. Smith*, id. 454, the father was allowed
both for the past and future maintenance of his children
out of their estates. In *Watts v. Steele*, 19 Ala. 656, a sim-
ilar allowance was made. In *Voessing v. Voessing*, 4 Redf.
Surr. 360, the father died, and the mother became guardian
and supported the infant daughter until she died. The
mother was allowed out of her daughter's estate for her
support from the time of the father's death. The authorities
were quite fully examined, and the conclusion reached that
there was no inflexible rule in such cases, but that each case
must be determined on the facts peculiar to it. The rule in
all cases is one of equity, and where it would seem equitable
and just, an allowance out of the infant's estate will always
be made, even for past support, especially to the mother
when she is a widow and charged with the custody of her
children in the place of the father.

I have cited more cases, and the principle involved in
each, because this court would differ from the learned judge
who decided this case at the circuit with great hesitation,
and only after a full examination of the authorities on the
question, when he had not the same facilities and time for
a full examination of the question, aided by the elaborate
briefs of counsel; for with such facilities and time he would
be very likely to arrive at a proper legal conclusion in all
cases. The fact that the mother for a considerable part of
the time supported the child when it had no estate, and she
could not have had any expectation of an allowance there-
for, can make no difference in equity, as her right to any
allowance in such a case does not depend upon contract,
either express or implied, or an implied *assumpsit*.

The facts of this case appeal most strongly to a court of
equity. The father was legally bound to support this child.
He failed to do so, and, most unnaturally, imposed this bur-
den upon his wife. Notwithstanding his shameful neglect

of one of the first duties of a father he would shield his portion of the inheritance from his dead and long-neglected child from an equal contribution with the mother, who had borne the whole burden of his maintenance during his life, to her partial compensation. He ought to expect no favor from the court, for he deserves none. One half of the estate of his son must be treated as still his, subject to the payment of all just charges thereon in its administration. *Stephen C. Pierce*, the respondent, and who has most strangely secured title to a portion of the estate of which he had been the executor under the will of Prosper A. Pierce, deceased, is only the representative of this father in this most groundless controversy. Many cases cited arose when the child was still living to enjoy and require the estate, and yet in equity it was held chargeable with his support during his infancy, especially in favor of the mother. Here the child is dead, and his estate can only benefit his father and mother. Shall he enjoy the full benefit of it, while her portion has been more than consumed by discharging his duty to the child? It is impossible to conceive a case appealing stronger to a court of equity than this claim as a charge upon the estate of Harvey Pierce, deceased.

TAYLOR, J. I am unable to assent to the conclusion arrived at in the opinion of the court in this case. Had the opinion limited the right of the mother to charge the estate of her deceased child with its support from the time it acquired an estate until its death, I should not have felt called upon to dissent, although I should then have very grave doubts whether such charge should be made, under all the circumstances, against the child's estate after such a lapse of time and so long after its death. No case can be found, I think, in which a court of equity has ever charged the after-acquired estate of a child, and especially a mere infant, with the cost of its nurture from its birth until the

time such estate was acquired, either in favor of the father or mother, under any circumstances. The law of nature, as well as the law of this state, charges the parent with the support of his or her infant child, when of sufficient ability, and if such ability does not exist, the state itself provides such support. If the mother can charge the after-acquired estate of her child for its previous support when such estate is the gift of its grandfather, why may she not charge such after-acquired property of the child which is the result of its own labor and exertions? And if the statute of limitations was not in the way, why might not the claim be urged at any time during the life-time and after the death of such child after coming of age? Certainly the fact that the child died during its minority cannot make the mother's claim more obligatory than if the death had occurred after its coming of age.

By the death of the child in this case, the mother inherited one half of its estate, which was some compensation for the nurture she had given it during the few years of its life, and should be some reason why a court of equity should not allow her claim against its estate for its support. I cannot see how the fact that the other half of the estate goes to the father of the child at its death can give the mother any other or greater claim on the estate for its support than she would have had in case the father had died before the child, and its estate had gone in some other direction. This is not an action at law or in equity between the mother of the child and her husband, its father, in which the mother claims of the husband and father compensation for the support of their child by her out of her separate estate, on the ground that it was his legal duty to support such child by his exertions and out of his estate, and therefore he should make her separate estate good for what she expended in its support. As I understand it, it is a claim made against the estate of the deceased child, and if she has no claim against

that estate her action must fail, and it cannot be sustained on the ground that in equity the husband ought to reimburse her for the support of their infant child.

It is true, the husband is interested as co-heir of the estate with his wife to defeat her claim against the estate of the child; but that does not authorize her to set up any equities she may have against the husband to establish a claim against their child or its estate. The county court would have no jurisdiction of an action brought by the wife to charge her husband or his estate during his life-time with the money expended by her out of her separate estate for the support of their child, on the ground that the law cast the burden of such support upon him and his estate primarily, even it should be admitted that such an action could be maintained in the circuit or other court of competent jurisdiction; and yet that is what the wife seeks to do indirectly by filing her claim against the estate of her deceased child in the county court, and asking that court to allow such claim because she has an equitable claim for such support against her husband, who is still living, and over whose estate the county court has no control.

Upon the findings of the court the claim of the mother for the support of the child from the time of its birth to the time when it received its estate from its grandfather, exceeds the whole value of the estate so received by the child. Now, suppose the mother had, immediately on the death of the grandfather, applied to the court to have that estate applied to the satisfaction of her claim for support up to that date, would the court have been justified in so applying it? Clearly not. Had it appeared to the court that the father and mother were unable to give the child proper support, it might have applied the income of its estate, and, under proper circumstances, the principal thereof, to its future support. Certainly it would not have applied the estate to discharge the claim of the mother for

past support, and leave its future support a charge upon the state, or upon the father and mother, who appeared to the court unable to support it.

The will of the grandfather shows that it was not intended by him that the estate given to the child should be appropriated by the mother for its past support, nor even for its future support, unless it should become necessary to so apply it on account of the inability of the father and mother to give the child a proper support during its minority. It is given to the mother in trust, to be held by her during the minority of the child, and as such trustee she could only use such part of the estate so granted as was necessary for its support after it became vested in her as trustee, and during such minority.

Again, there is nothing in the record that shows that *Anna E. Pierce*, the mother of said infant, had not, at the time she supported her child, and for which support she claims pay out of its estate, an abundance of means of her own out of which she could and did furnish support. The question of the ability of the parent to support his or her infant child is always an important consideration when an application is made to a court of equity to have the estate of the infant applied to such support during its infancy; and this is especially the case when it is sought to apply anything towards such support beyond the income of its estate.

It is urged in the opinion of the court that the husband should have supported the child, instead of the mother, and because he failed to furnish such support the mother should be allowed to charge the estate of the child with such support. To my mind that does not follow. If the husband had the ability to support the child, and neglected to give it such support, and the burden of its support was cast upon the mother unjustly, and she furnished it, that fact furnishes no reason for charging the child's estate with

such support, although it might furnish a reason for charging the estate of the husband in favor of the wife for the money so expended by her. But, as suggested above, that is a controversy over which the county court has no jurisdiction. When the wife brings her action in a proper tribunal to charge the husband or his estate for such support, for aught that appears in this case he may be able to show that his wife's support of the child was, as between himself and her, a burden she ought to bear. At all events, there is nothing in this record which shows that it was inequitable as between the husband and wife — that at the time such support was given by the wife she was not justly chargeable therewith. She may have had an estate of her own separate from her husband; she may have separated herself from her husband without just cause, and taken her infant child with her; or there may be other reasons why, as between herself and her husband, she ought to have given the child its support. Of the circumstances under which the support was granted we know nothing, except that the mother nurtured her infant from its birth until its death, under six years old, as every mother would naturally do, and now seeks to charge the estate of the child, which came to it a little over a year before its death, with the cost of such support. As said above, no precedent can be found for the allowance of such a claim, and I cannot consent to help make such a precedent.

*By the Court.*— The order and judgment of the circuit court are reversed, and the cause is remanded with instructions to reverse the order of the county court and to order said county court to allow the claim as a charge upon the estate of Harvey Pierce, deceased.