Castetter, Administrator, *v.* The State, *ex rel.* Bradburn.

No. 12,966.

CASTETTER, ADMINISTRATOR, *v.* THE STATE, EX REL. BRADBURN.

GUARDIAN AND WARD.—*Death of Insolvent Guardian.*—*Settlement of Guardianship by Surety.*—*Jurisdiction.*—*Judgment.*—*Estoppel.*—Where the surety of a deceased and insolvent guardian, at the request of the ward, who has become of age, makes a final report and settlement of the guardianship matter, which is subsequently approved by the court having probate jurisdiction, and the surety by the judgment of the court is discharged from liability on the bond, it will be presumed, in the absence of a showing to the contrary, that the court acquired jurisdiction over the person of the ward, and the judgment so rendered, while it remains in force, is a bar to an action on the bond.

DECEDENTS' ESTATES.—*Pleading Special Defences.— Demurrer.—Practice.*— Under section 11 of the act of March 7th, 1883 (Acts of 1883, p. 156), an administrator may prove any defence to a claim, except a set-off or counter-claim, without special plea; but where a special defence is pleaded, it may be tested by a demurrer, as in other cases, and error in ruling upon the demurrer is available as in other cases.

From the Hamilton Circuit Court.

*W. S. Christian* and *I. W. Christian*, for appellant.

*R. R. Stephenson* and *W. R. Fertig*, for appellee.

MITCHELL, C. J.—On the 30th day of January, 1873, Jacob M. Castetter was duly appointed guardian of the person and estate of the relatrix, Leona J. Bradburn. Michael J. Castetter became one of the sureties on the guardian's bond. The guardian died without having made a final settlement of his trust. Afterwards Michael J. Castetter, the surety, died, and the appellant, Peter W. Castetter, was duly appointed administrator of his estate. This proceeding was commenced on the 30th day of July, 1885, by the State, on the relation of Leona J. Bradburn, against the estate of the deceased surety, on the guardian's bond. The statement or complaint which was filed in the court below charged that the deceased guardian failed to account for the moneys which came into his hands, and that he had converted moneys belonging to his ward to his own use.

Without stopping to notice some objections to the complaint which we do not think well taken, we proceed to consider the second paragraph of the answer, to which the court sustained a demurrer.

This paragraph sets up that, in January, 1882, the appellant's decedent, as surety on the bond of the deceased guardian, whose estate was insolvent, with the knowledge and at the request of the relatrix, she being then over twenty-one years of age, made and filed in the Hamilton Circuit Court a final report and settlement of the proceedings in the guardianship matter, which report was subsequently, in the year 1885, approved and confirmed by the court, and that the

Castetter, Administrator, *v.* The State, *ex rel.* Bradburn.

guardianship was then fully and finally settled, and that the appellant's decedent was thereupon discharged by the order and judgment of the Hamilton Circuit Court, which judgment so entered, it was averred, remained in full force.

Can a suit be maintained on the bond while the order and judgment of the Hamilton Circuit Court thus procured remain in force?

It is settled beyond controversy that the approval of a guardian's or administrator's final report and settlement is such an adjudication of all matters as were or should have been brought into the account and report as precludes all collateral inquiry into the correctness thereof, by parties interested therein, so long as the judgment of approval remains in force. *Carver* v. *Lewis*, 104 Ind. 438, and cases cited; *Wainwright* v. *Smith*, 106 Ind. 239; *Carver* v. *Lewis*, 105 Ind. 44; *Holland* v. *State, ex rel.*, 48 Ind. 391; *Parsons* v. *Milford*, 67 Ind. 489.

Such adjudications are conclusive, because the law requires that guardians and administrators make reports from time to time, and that they make final report and settlement when their respective trusts have been administered. Of the making of all such reports those interested must take notice, unless the statute makes provision that notice be given.

The statute, however, makes no provision for the filing of reports and securing releases from past liability by sureties on a guardian's bond, even though the guardian be dead, or has become insolvent. *Ferguson* v. *State, ex rel.*, 90 Ind. 38, 46.

A surety so situate may, however, as a matter of right, institute a proceeding, in some form, in the proper court, for the purpose of having the amount of his liability ascertained, and to be finally released from the bond, and from the liability already incurred, upon full payment. This might be by application or petition to the court in which the guardianship matter is pending. In such a case due notice must be given to those interested, or they must appear, as in

other cases, before the court can acquire jurisdiction over their persons so as to render a valid judgment.

Sureties on bonds given in the course of proceedings pending in court are so far under the protection and control of the court as that its jurisdiction may be invoked in their behalf while the proceedings are *in fieri;* they are in a sense parties to the proceeding. *Rout* v. *King*, 103 Ind 555.

Any statement of facts by the surety which would invoke the jurisdiction of the court over a subject-matter within its control, with notice to the parties interested, would confer such jurisdiction over the persons and subject-matter as would render an adjudication by the court conclusive against collateral attack while the judgment remained in force.

The answer under examination alleges that the appellant's decedent in his lifetime, to wit, in January 1882, made a final report to, and settlement with, the Hamilton Circuit Court of the guardianship matter of his deceased and insolvent principal, and that this was done at the request and with the consent of the relatrix, she having prior to that time attained her majority. This brought before the court and invoked its action upon a subject-matter over which it had general jurisdiction.

It appears from the answer that such proceedings were had in that behalf as that afterwards, in the year 1885, the report and settlement so made were fully approved and confirmed by the court, and that the appellant's decedent was, by the order and judgment of the court, discharged from liability on the bond. It does not appear from the plea whether or not notice was given to the relatrix, or whether or not she appeared in court.

It is alleged that the report and settlement were made at her request and with her consent. While a request or consent that the bondsman make a report and be discharged, if manifested out of court, could not confer jurisdiction over the person so as to authorize the court to render judgment, yet, since it appears that judgment was rendered by a court

of competent and general jurisdiction, we must presume, in favor of the regularity of its proceedings, that the court had, by notice duly served or by an appearance in court, acquired jurisdiction over the person of the relatrix. This is according to the rule that where a proceeding in a court of general or superior jurisdiction is of such a character that upon final action the court should, from the nature of the case, ascertain whether it is such in fact that it has jurisdiction to act, as it is invoked to do, and it does so act, its judgment can not be collaterally questioned, unless it affirmatively appears that the subject-matter was without its jurisdiction, or that it did not have jurisdiction over the persons affected by the judgment. *Horner* v. *Doe*, 1 Ind. 130 (48 Am. Dec. 355); *Dequindre* v. *Williams*, 31 Ind. 444.

The relatrix, being the ward whose guardianship was pending, must be deemed to have been a party to the proceeding and to the adjudication pleaded in the answer, and, in the absence of an affirmative showing to the contrary, it will be presumed that the court took all the requisite steps to acquire jurisdiction over her person before rendering its judgment. *Phillips* v. *Lewis*, 109 Ind. 62; *Sims* v. *Gay*, 109 Ind. 501, and cases cited; *Anderson* v. *Wilson*, 100 Ind. 402.

The second paragraph of answer, therefore, set up facts from which it appeared that the liability of the appellant's decedent had been once determined by a court of competent jurisdiction. Without setting that judgment aside, his estate can not be again vexed by a suit on the bond. It is said, however, that the facts pleaded might all have been proved under the general denial, which was also pleaded, and that hence it was a harmless error to sustain the demurrer.

Section 11 of the act approved March 7th, 1883 (Acts of 1883, p. 156), provides, in substance, that it shall not be necessary, when a claim against an estate is transferred for trial, for the executor or administrator to plead any matter by way of answer, except a set-off or counter-claim. This

section provides further, that if the executor or administrator plead any matter by way of defence, the claimant shall reply thereto. It provides further, that the sufficiency of the statement of the claim, or of any subsequent pleading, may be tested by demurrer. The effect of this section is to authorize an executor or administrator to prove any defence to the claim, except a set-off or counter-claim, without special plea. It contemplates, however, that an executor or administrator may plead any special defence, as in other cases, and that a defence so pleaded may be tested by demurrer as in other cases. It would be a mere play upon words to say that the sufficiency of a pleading might be tested by demurrer, if the overruling or sustaining a demurrer to a good answer was of no consequence in the end. The appellant having pleaded a special defence under the statute, which was sufficient, the error committed by the court in sustaining a demurrer thereto was not rendered harmless, because the defence might have been proved without special plea. Having pleaded specially, the case is not within those rulings which hold that where a demurrer is sustained to a good answer, setting up facts which may be as well proved under other answers which remain in, the error will be deemed harmless. When the court sustained a demurrer to the appellant's plea of former adjudication, he had a right to assume that evidence of such adjudication would not be admitted, or, if admitted, that it would not be considered by the court as an available defence.

There are other questions of minor importance raised by the record, and more or less referred to in the briefs, but in view of the conclusion already reached, it is not important that those questions be considered.

For the error in sustaining the demurrer to the second paragraph of the answer, the judgment is reversed, with costs.

Filed Dec. 2, 1887.