FULLER *v.* FULLER'S ESTATE.

[No. 2,607. Filed October 12, 1898.]

DECEDENTS' ESTATES.—*Claim for Board of Decedent.—Evidence.*— Plaintiff filed a claim against his sister's estate for board and care. The evidence showed that she lived with him from the time she was a child until her death at the age of twenty-eight; that plaintiff's family was large and the sister was treated as a member of the family and assisted with the housework; there was no agreement to receive pay for her services, nor to pay for board or care received by her. *Held*, that the facts and circumstances were not such as to imply a promise to pay for board and care. *pp. 43-45.*

SAME.—*Claim.—Evidence.*—No error was committed in refusing to allow a claim against a decedent's estate for feed and care of a pony, where the evidence showed that decedent, a sister of the claimant, lived with him as a member of his family, and there was no agreement as to keeping the pony. *pp. 45, 46.*

From the Madison Circuit Court. *Affirmed.*

*Henry, McMahan & Van Osdol,* for appellant.

*J. W. Vermillion, W. F. Edwards, C. K. Bagot* and *T. Bagot,* for appellee.

COMSTOCK, J.—Claim of appellant against the estate of Ida Fuller, deceased, for balance due appellant for board and care of decedent, for money and medicine furnished during her lifetime, and for the care and feed of a pony owned by her, amounting in all to $791. The cause was submitted to the court, and the trial resulted in a finding and judgment for costs in favor of the estate. The appellant moved to modify the judgment, in this, to wit: "That claimant recover of and against said estate the sum of $264 for sixty months' feed and care of pony at $4.40 per month, and costs of suit." Appellant also moved for a new trial upon the following grounds: "(1) That there was no evidence to sustain the finding and judgment of the court; (2) that the finding and judgment of the court is not sustained by the evidence; (3) that the finding and judgment of the court is contrary to the evidence; (4) that the finding and judgment of the court is contrary to law," which motions were overruled, and exceptions duly taken. These rulings of the court are assigned as error.

Counsel for appellee, before discussing the alleged errors, insist that the questions raised by the assignment of errors are not properly presented by this appeal. We have, however, carefully examined the record, and, having concluded that the judgment of the trial court should be affirmed, upon the merits of the cause, do not pass upon the preliminary question raised by the appellee. Appellant's claim is made up of four items, viz: (1) Six years' board; (2) forty-nine weeks' board and care; (3) six years' care and feed of pony; (4) cash furnished decedent during her last sickness. Appellant's learned counsel do not claim

that there is evidence to support the last claim.   Nor
do they claim that the evidence shows an express con-
tract between appellant and decedent to pay for her
support and the services for which he sues.   They do,
however, insist that the facts and circumstances show
an implied contract upon which he is entitled to re-
cover.   The evidence shows that the services for which
a recovery is sought were rendered to the decedent.
Decedent was the half-sister of appellant.   Her par-
ents died, and at an early age she, with a younger
sister, went to live with appellant, with whom she
continued to live until her death.   She had inherited
some property from her father, and appellant was
appointed her guardian.   His final report shows that
he charged her for services as guardian for fourteen
years the sum of $28.   It does not show that he
charged her anything for maintenance or care.   Soon
after he took decedent and her sister to live with him
his first wife died.   She left surviving her one child, a
young girl.   Decedent was at that time about twelve
years old.   She and her sister assisted in the work of
the household.   Within a year or two after the death
of his first wife, appellant married a second time.   By
his second wife he had eight children.   Decedent as-
sisted in the care of all of them, assisted in taking
care of appellant's wife in two of her confinements,
and assisted in the general work needful to house-
keeping.   Appellant's family was large, he lived
upon and cultivated a farm of some three hundred
acres; at certain seasons of the year employed hands,
increasing the size of his family, and the labor of the
household.   She acted and was treated and was be-
loved as one of the family; had no agreement to re-
ceive pay for her services, nor to pay for board or care
received by her, although there were business rela-
tions between her brother and herself, she loaning

him money and taking his note therefor. This was the manner of her life up to the time of her death, which occurred when she was twenty-eight years old. The only agreement made was between appellant and his brother, to the effect that he would charge nothing for the board and home he furnished the sisters after they were fourteen years old. In all respects she was treated as one of appellant's family. The evidence does not show such facts and circumstances from which the law would imply that appellant expected to receive pay, and that decedent expected to pay, for the board furnished and services rendered by appellant. There is some evidence that the decedent expressed a wish that her brother should receive some compensation for his kindness to her. It was for the trial court to determine the credibility of this evidence. Bearing in mind the well recognized rule of law that whenever a member of a family, as in case of parent or child, or when near relationship exists, other than that of parent and child, the law does not, in the absence of an expressed contract, imply a promise to pay for services, but that the facts and circumstances must exist which, within themselves, clearly raise the presumption that such services were to be paid for, and applying it to facts disclosed by the evidence. We are of the opinion that the motion for a new trial was properly overruled.

As to the assignment of error based upon the overruling of the motion to modify the judgment so as to allow appellant the item for feeding the pony, we think it only necessary to say that the evidence shows that appellant, a large farmer, presented decedent with a pony, on account of her kindness to him, his wife and children. It was used in common by all the members of the family. It was given to decedent while she was making her home on a large farm and

which she intended to make her home. With this gift there was no agreement as to the terms upon which it was to be kept. A son of appellant testified that his father presented decedent with the pony and with its feed. The circumstances under which it was given, and the manner of its use, we think, were such as to justify the trial court in the conclusion that appellant did not expect to charge for keeping this animal any more than he would charge his own daughter or any other member of his family. The judgment is affirmed.