(Hamilton County Common Pleas, 1901.)

BERNHARD JURLING v. MARY GARNER, Administratrix of the Estate of Lizzie Jurling, deceased, et al.

---

When a sister lives with her brother for a number of years prior to her death as a member of his family, and after her death he brings suit against her administratrix for pay for her board, the burden of proof is on him to show either an express contract between them or such circumstances as will authorize the jury to find that he expected to charge for her board and she expected to pay for it.

---

LITTLEFORD, J.

This action was brought by the plaintiff to recover $1932.00 from the administratrix of his deceased sister, Lizzie Jurling, for board and care rendered by him to his deceased sister for several years preceding her death.

At the close of the plaintiff's case, the defendant moved to instruct the jury to return a verdict for the defendant, because the plaintiff had failed to establish any contract, either express or implied, between the plaintiff and his deceased sister.

The evidence of the plaintiff showed that Lizzie Jurling, the deceased, who was old and unmarried, came to live with her brother, the plaintiff in this case, about ten years before her death.     She was then in good health and she helped with the house-work; but in the course of two or three years, she became ill with consumption and kept growing worse until, during the last few years of her life, she was unable to do any but the very smallest services about the house.     She required medical attention from various doctors, but she paid for the physicians' services promptly out of her own means.    The family gave her the best room in the house and prepared special dishes for her, besides giving her egg-nog, brandy and wine. The house in which she lived was a saloon and boarding-house belonging to her brother, the plaintiff, but at no time during her stay there did her brother ask her for board nor did she

at any time offer to pay board.     She was a good tempered old woman and was always treated like a member of the family.    After introducing evidence to establish this state of facts, the plaintiff rested.

The point made by counsel for defendant on the motion to instruct the jury to bring in a verdict for the defendant is, that although the facts shown by the plaintiff might be sufficient to establish a case of implied contract had the plaintiff and deceased been strangers to each other, still in a case like this, where they were brother and sister, the plaintiff must go further and assume the burden of establishing that there was either an express or implied contract by which the deceased was bound to pay for the services rendered to her in giving her board and care.

If the fact that the plaintiff and deceased were brother and sister is of no moment in the premises, and in the eyes of the law they were the same as strangers, as counsel for plaintiff maintain,    then what the plaintiff must show to make out a *prima facie* case has already been decided in Ohio in the case of Harrison v. Gotleib, 3 C. C., 191.    That case, decided by Smith, C. J., of Hamilton County Circuit Court holds as follows:

"Where services have been rendered by one person to another with his knowledge, but without any express contract between them, this of itself is not sufficient to entitle the person so rendering the service to recover therefor as on an implied contract.    'Implied contracts are those which reason and justice dictate, and which therefore the law presumes that every man undertakes to perform.' It should therefore further appear from the circumstances of the case, that the services rendered were such as people as a rule expect to be paid for; and then, if there are no special circumstances to show that they were rendered gratuitously, or that the person availing himself of them, honestly believed, and had reason to believe, that they were so rendered, the promise to pay the value thereof may reasonably be inferred."

According to this decision, the burden would be upon the defendant to establish that there was no implied contract in a case like the one in hand if the parties were strangers to each other; and the question is whether the relationship of brother and sister between the plaintiff and the deceased changes the rule as to the burden of proof.

There have been several cases in Ohio which hold that a child or step-child residing with a parent or step-parent as a member of the family cannot recover for services rendered to the parent in the absence of an express promise to pay therefor or of facts and circumstances which amount to an implied promise.     See Hawthorn v. McClure, 4 C. C., 11; Pollack v.

[COPYRIGHT, 1901, BY CARL G. JAHN.]

Pollack, 2 C. C., 143; Lovet v. Price, Wright, 89,; and Willis v. Dunn, Wright, 134.

In addition to these cases, there is a case holding that where sisters live together in the same family, one cannot recover for services rendered to the other in the absence of an express contract.    In re estate Catharine Dunn, Goebel's Probate Reports, 297.    This case, however, was carried on appeal to the Common Pleas Court and the decision was there reversed, the court holding that a sister could recover for services rendered to a sister where such services "are to be classed with necessaries and were in no sense voluntary", the law in such case implying a contract to pay.

Going outside of the state for authorities, we find in the case of Scully v. Scully's executor, et al., 28 Ia., 548, an action brought by the sister of decedent, the following laid down in the text of the decision:

"Ordinarily and without more, where one person renders services for another which are known to and expected of him, the law implies a promise on his part to pay therefor.    But where it is shown that the person rendering the services is a member of the family of the person served and receiving support therein, either as a child an · relative or a visitor, a presumption of law arises that such services were gratuitous; and in such case before the person rendering the services can recover, the express promise of the party served must be shown or such facts and circumstances as will authorize the jury to find that the services were rendered in the expectation by one, of receiving, and of · the other of making, compensation therefor,"

Again in the case of Hall v. Finch, Ad'm'r. 29 Wis., 278, a case brought by a sister against the estate of her deceased brother, it is held, after a careful consideration of numerous authorities, as follows:

"The relationship of parent and child, stepparent and step-child, and brother and sister, or the like, existing between persons living together in the same household creates a strong presumption that no payment or compensation was intended to be made for services rendered by one to the other beyond that received at the time they were rendered.    The person claiming pay for services in such a case must overcome such presumption by clear, direct and positive proof that the relation between the parties was not merely the ordinary one of parent and child or brother and sister, but that of debtor and creditor, or servant and master; and must show some arrangement or contract to that effect."

It is not necessary to determine here whether "clear, direct and positive proof" would be necessary in Ohio to overcome this presumption, but the case nevertheless supports the theory

that the burden of proving the contract is on the plaintiff in such case.

In the case of Fuller v. Fuller's Estate, 21 Ind. App., 42 (1898), a case in which the facts are quite like the facts here, the syllabus is as follows:

"Plaintiff filed a claim against his sister's estate for board and care.    The evidence showed that she lived with him from the time she was a child until her death at the age of twenty-eight years; that plaintiff's family was large an ₁ the sister was treated as a member of the family and assisted with the house-work. There was no agreement to receive pay for her services nor to pay for board and care received by her.    *Held*:    That the facts and circumstances were not such as to imply a promise to pay for board and care."

In the 15th Am. & Eng. Ency. of Law (2d), 1084, the following statement of the law is given:

"The presumption that services rendered by one member of a family to another were gratuitous is not a conclusive one.    It may be overcome by showing an express agreement for payment. or by showing circumstances which will support the implication that the services were to be paid for.    The burden is, of course, on the person rendering the services to overcome the presumption which the law raises that such services were rendered gratuitously.

"In accordance with the rule stated in the preceding subdivision of this section, unless an express contract for compensation exists or the circumstances were such as will raise an implied promise to pay therefor, a child cannot recover for services rendered while a member of the parent's family, whether he be of age or not, and whether the relationship be one of blood or the head of the family is merely *in loco parentis*.    The converse of this doctrne is equally well established.    Services and support rendered by a parent to a child while a member of the parent's household will be presumed to be gratuitous unless the contrary will be conclusively shown.    The rule also applies in the case of the following relatives together as members of a common family; husband and wife, cousins, *brothers and sisters,* brothers-in-law and sisters-in-law, uncle and niece or nephew, and aunt and niece or nephew."

In the case of Finch v. Finch, 4 Bull., 908, decided by the Hamilton District Court, Avery, J., in holding that an adopted son could not bring an action against his foster-mother for services rendered to her after he became of age without proof of an express promise, cites the case of Hall v. Finch, 29 Wis., 278, (quoted *supra*), with apparent approval, seeming to base his decision partly on the holding in that case.

Again in the case of Hawthorne v. McClure, 4 C. C., 11, the same case is quoted with seeming approval.

From these authorities, I conclude that in a case of this sort, the burden of proof is on the plaintiff to establish either an express contract in order to recover, or such circumstances as would authorize the jury to find that the plaintiff expected to charge for his sister's board and she expected to pay him for it. The motion is granted.

Rulison & Heintz, for plaintiff.

Peck, Shaffer & Peck, contra.