# TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* HORNADAY.

[No. 8,622. Filed June 4, 1915.]

CARRIERS.—*Ejecting Passenger.—Pleading.—Answer.*—In a passenger's action for damages for being ejected from defendant's car, an answer admitting that plaintiff tendered a proper ticket which defendant accepted, and seeking to justify the ejectment on the ground that plaintiff was a through passenger, who sought to avoid paying the scheduled rate of fare by paying his fare in cash to a certain stop under pretense that such stop was his destination, and that on arrival at such stop he stepped from the car and immediately reëntered it, and tendered the ticket which defendant's conductor accepted, at the same time demanding extra fare which plaintiff refused to pay, amounted to an argumentative denial, and the affirmative matter pleaded was provable under the general denial, so that there was no error in sustaining a demurrer thereto.

From Superior Court of Marion County (88,417); *Clarence E. Weir,* Judge.

Action by Ernest Hornaday against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. H. Latta,* for appellant.
*Joseph W. Hutchinson,* for appellee.

HOTTEL, J.—This is an appeal from a judgment recovered by appellee against appellant for $100, damages on account of his alleged unlawful ejectment from one of appellant's cars. The complaint is in one paragraph and alleges among

other things, in substance, that appellant is organized under the laws of this State, and on September 24, 1912, owned and operated, among others, a railway extending from the terminal station at Indianapolis, hereinafter referred to as the "terminal station", to Lafayette, Indiana; that it is a common carrier of both passengers and freight; that less than ten miles north of the terminal station, on its line of railroad, appellant maintained a ticket office and station, known as Augusta; that all of appellant's local cars were scheduled to stop at Augusta and its terminal station; that less than ten days prior to September 24, 1912, appellee purchased a round-trip ticket from the terminal station to Augusta (here follows a copy of ticket); that such ticket was a valid ticket and entitled appellee to be carried on any of appellant's local cars from its terminal station to Augusta, and to be carried as a passenger from Augusta to its terminal station; that appellee was compelled to purchase said ticket or pay more for riding between such points; that on the date given appellee got on one of appellant's south bound local cars at Augusta with the intention of riding as a passenger thereon to the terminal station; that appellant's conductor in charge of such car came to appellee and collected from him the return coupon of said ticket; that the going coupon of said ticket had been torn off by one of appellant's conductors and accepted by him without objection in full payment of appellee's fare from the terminal station to Augusta on a previous occasion; that after the conductor had collected from appellee the return coupon he punched some holes in it and put it in his pocket and then said that he would have to have five cents extra; that appellee explained to him that he had just given him a good ticket from Augusta to Indianapolis, and that he was entitled to ride to the terminal station without paying any money; that the conductor said the rules of the company required that he collect five cents more and that he would have to collect it; that long before said car reached the

terminal station, said conductor, without any fault or negligence on appellee's part, negligently and wrongfully stopped said car and negligently and wrongfully ordered appellee to get off the same; that appellee was comfortably seated and surrounded by other passengers, and the conductor came to him and negligently and wrongfully pulled at appellee's clothing and ordered him to leave said car; that by reason of said negligent and wrongful acts of said conductor, appellee was compelled to get off said car to keep from being further wrongfully annoyed, humiliated and degraded by said conductor. (Here follow allegations of fact going to the question of damages).

To this complaint appellant filed a general denial and two paragraphs of affirmative answer. Each affirmative answer admits the formal averments of the complaint relative to appellant's corporate existence, business, etc., and then further avers that on September 24, 1912, there was a town on its line of railway known as Augusta, which was 9.55 miles from Indianapolis, and to and from which point appellant sold local and return-trip tickets; that the legal fare from Augusta to the city of Indianapolis was fifteen cents and the round-trip fare from Indianapolis to Augusta and return to Indianapolis was twenty-five cents; that appellee, prior to September 24, 1912, purchased at the city of Indianapolis a round-trip ticket, entitling him to ride from Indianapolis to Augusta and return, and used the going portion from Indianapolis to Augusta; that on the occasion in question appellee got upon one of appellant's south bound local cars at stop 10, which stop is alleged to be 4.5 miles north of Augusta, for the purpose and with the intention of riding and being transported upon said car to the city of Indianapolis; that appellant's conductor came to the appellee for his fare between said stop 10 and Augusta; that appellee concealed from said conductor his said intention of riding to the city of Indianapolis and

210     APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Hornaday—59 Ind. App. 207.

stated to the conductor that he desired to go to Augusta, and paid to said conductor ten cents as the fare from stop 10 to Augusta; that ''it is averred in plaintiff's complaint that he got upon said car at Augusta for the purpose of being transported to the city of Indianapolis, but this defendant avers the true facts to be that when the said car reached Augusta, the plaintiff having at all times the intention and purpose of being transported on said car from said stop 10 to Indianapolis, and until that time concealing his said intention from said conductor and from this defendant, stepped from said car to the platform of the station of said town of Augusta and immediately stepped from said platform back upon said car and again took his place in said car with the intention aforesaid at all times to be a through passenger and be transported as such from said stop 10 to the city of Indianapolis. That this defendant then (at the time appellee tendered the return portion of his ticket) for the first time knowing and having reason to know that the said plaintiff desired and intended to be a through passenger from said stop 10 to the city of Indianapolis, then and there demanded that the plaintiff pay the through passage rate according to said schedule and tariffs, and said order of said railroad commission (which schedules and tariffs are set out in each of said answers) as a through passenger from stop 10 to the city of Indianapolis. That said plaintiff was in fact a through passenger from said stop 10 to the city of Indianapolis. That this defendant was required to collect from him according to said circular No. 88 (a copy of which is set out in each of said answers), the through fare from said stop 10 to Indianapolis, and not otherwise, and that any other fare would have been a discrimination as to other passengers upon said car; that the plaintiff never at any time intended to terminate his passage upon said car at Augusta; that the plaintiff was ejected from said car as aforesaid, and under the said circumstances and no others, for the reason

MAY TERM, 1915. 211

Terre Haute, etc., Traction Co. *v.* Hornaday—59 Ind. App. 207.

that he at all times refused to pay said through fare, and that the plaintiff did not at any time pay or offer to pay the correct, legal and lawful fare for his passage from said stop 10 to the city of Indianapolis.''

Appellee demurred to each of said paragraphs for want of facts to constitute a defense to his complaint and accompanied each of such demurrers with a proper memorandum. Each of said demurrers was sustained and appellant excepted to such rulings, and went to trial on the issues formed by the complaint and answer in general denial. A trial by the court resulted in a finding and judgment for appellee. The only errors assigned are those challenging the ruling on the demurrers to each paragraph of affirmative answer.

It will be observed from the averments of such paragraphs, above indicated, that appellant admitted therein that appellee tendered and delivered to it a proper ticket which it accepted, entitling appellee to be conveyed from Augusta to its terminal station, and admits appellee's ejectment from the car, and seeks to justify such ejectment on the theory that appellee was on its car as a through passenger from stop 10 to its terminal station and refused to pay the proper fare between such points, as provided by appellant's schedule of tariffs and as required by order of the railroad commission. It is apparent therefore that the averments in such answers relative to appellant's schedule of rates and the order of the railroad commission expressed in its circular 88, upon which appellant seeks to justify its conduct in demanding the excess fare must necessarily depend on whether appellee was, in fact, a through passenger from stop 10, as alleged in such answer, or a passenger from Augusta, as alleged in the complaint. It follows, we think, that appellant, under its general denial was entitled to prove all the affirmative matter set out in his answer, and that such answer amounts to an argumentative denial and hence the rulings on such demurrers were harmless.

It is further suggested by appellee that the specific aver-ments of the answer show two separate independent con-tracts for passage over appellant's road, both actually con-summated, viz., that appellee paid the regular fare from stop 10 to Augusta; that appellant received such fare and carried appellee to Augusta, where appellee alighted from the car and again took passage thereon to Indianapolis and tendered a proper ticket, theretofore purchased by him for passage to such point, and that such averments of fact necessarily control the general averment made by way of conclusion that appellee was a through passenger from stop 10, etc. This contention of appellee is supported by author-ity in other jurisdictions (see *Louisville, etc., R. Co.* v. *Kly-man* [1902], 108 Tenn. 304, 67 S. W. 472, 91 Am. St. 755, 56 L. R. A. 769; *Phettiplace* v. *Northern Pac. R. Co.* [1893], 84 Wis. 412, 54 N. W. 1092, 20 L. R. A. 483; *Chicago, etc., R. Co.* .v. *Parks* [1857], 18 Ill. 460, 68 Am. Dec. 562) but inasmuch as a determination of such question is not neces-sary in this case we express no opinion thereon. Judgment affirmed.

NOTE.—Reported in 109 N. E. 189.   See, also 31 Cyc. 303, 358; 6 Cyc. 1913 Anno. 565-new.