## CAMPBELL, ADMINISTRATOR, *v.* LANGFORD.

### [No. 9,526.  Filed January 31, 1918.]

1. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer to Answer.*—Error, if any, in sustaining a demurrer to a paragraph of answer which was merely an argumentative denial was harmless where the facts pleaded were admissible under the general denial.  p. 554.

2. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrer to Plea in Abatement.*—A plea in abatement, unverified and filed with other pleas in bar, setting up that a claimant against an estate was a minor under the age of twenty-one years and that his claim was filed without a next friend, did not comply with the requirement of §371 Burns 1914, relating to answers in abatement, and was subject to be stricken out on motion, so that defendant cannot complain to the ruling of the trial court sustaining a demurrer to the plea.  p. 555.

3. APPEAL.—*Review.—Misconduct of Counsel.—Statements in Argument.—Cure by Withdrawal.*—In an action on a claim against a decedent's estate, where the remark of claimant's counsel, on his argument to the jury, that "This estate is valued at $4,000 and this claimant should have it all," was expressly withdrawn and the jury directed not to consider it, the misconduct of counsel was not reversible error.  p. 556.

4. APPEAL.—*Review. — Harmless Error. — Instructions.* — In an action on a claim against a decedent's estate, an instruction that, if the jury found that claimant made his home with decedent, there could be no recovery for board or clothing furnished him by decedent without an express contract therefor, even though technically erroneous, was harmless, where it was undisputed that claimant lived with decedent as a member of her family, and the facts and circumstances shown by the evidence clearly raised the presumption that the necessities furnished claimant were not to be paid for.  p. 556.

From Monroe Circuit Court; *John F. Regester,* Special Judge.

Action by Wade Langford against Joseph H. Campbell, administrator of the estate of Mary E. Spaulding, deceased. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James B. Wilson, Rufus H. East* and *Edwin S. East,* for appellant.

*Batman, Miller & Blair* and *Edwin Corr,* for appellee.

IBACH, C. J.—Appellee filed his verified claim against the estate of Mary E. Spaulding, deceased, for the work done and other services rendered by him for decedent during a period of nine years immediately preceding her death, amounting to $2,050. The claim was transferred to the issue docket. There was a trial and verdict for appellee for $2,340. A remittitur of $840 was ordered, appellant's motion for a new trial was overruled, and judgment rendered for $1,500.

When the cause was transferred for trial appellant filed an answer in general denial and several paragraphs of special answer.

Numerous errors are assigned for a reversal of the judgment. The first two relate to the sufficiency of the second and fifth paragraphs of answer, to which demurrers were sustained, and the third to the overruling of appellant's motion for a new trial.

1. The second paragraph of answer avers that decedent took appellee, when a mere babe, into her home, clothed, boarded and cared for him as a member of her family until he was sixteen years of age, when she died, and that there never was a contract of any kind between them to pay appellee for services, but, on the contrary, he was reared as a member of decedent's family. Such answer was, at best, nothing more than a special or argumentative denial, and since a general denial had also been filed, all the facts stated in such answer were admissible under it. The sustaining of the demurrer thereto was not reversible error. *Hunt* v. *Osborn* (1907), 40

Ind. App. 646, 82 N. E. 933; *Terre Haute, etc., Traction Co.* v. *Hornaday* (1915), 59 Ind. App. 207, 211, 109 N. E. 189; *Travelers Protective Assn.* v. *Fawcett* (1913), 56 Ind. App. 111, 104 N. E. 991; *Rader* v. *A. J. Barrett Co.* (1914), 59 Ind. App. 27, 30, 108 N. E. 883. Appellant relies upon the case of *Castetter* v. *State, ex rel.* (1887), 112 Ind. 445, 450, 14 N. E. 388, to support his contention that the ruling on said demurrer was harmful. An examination of that case, however, will show that the court there had in mind a special defense, and hence it is not authority here.

Neither did the court err in sustaining the demurrer to the fifth paragraph. This paragraph is a plea in abatement upon the ground that the claimant 2. is a minor under the age of twenty-one years; that the claim was filed without a next friend, and was filed with other pleas in bar of appellee's action.

Our statute is imperative upon this subject, and provides that an answer in abatement must precede, and cannot be pleaded with an answer in bar. §365 R. S. 1881, §371 Burns 1914; *Winer* v. *Mast* (1896), 146 Ind. 177, 45 N. E. 66; 22 Cyc 685. The plea was not verified, and, being pleaded with an answer in bar, it could have been stricken out on motion, and therefore appellant cannot complain when the same result is reached by demurrer. *Moore* v. *Sargent* (1887), 112 Ind. 484, 487, 14 N. E. 466; *Voluntary Relief Dept.* v. *Spencer* (1896), 17 Ind. App. 123, 129, 46 N. E. 477. The first question sought to be raised under the motion for a new trial relates to alleged misconduct of counsel in his argument to the jury. The language used was, "This estate is valued at $4,000, and this claimant should have it all."

It appears from the record that the language objected to by appellant was expressly withdrawn

from the jury, and they were directed to disregard such statement. Considering all the evidence given on the trial, together with the verdict and the manner in which the court admonished the jury as to what remarks of counsel should not be considered, we cannot say that reversible error is shown by the alleged misconduct of counsel. *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 97 N. E. 429; *Board, etc.* v. *Redifer* (1903), 32 Ind. App 93, 69 N. E. 305.

Complaint is also made of instruction No. 9, given at the request of appellee, which related to the issue joined on the set-off and counterclaim filed by appellant, and told the jury in effect that, if it found claimant made his home with decedent, there could be no recovery for board or clothing furnished him by her without an express contract. Conceding that such instruction was technically erroneous, we believe that, when applied to the facts of this case, the giving of it was harmless, and the jury was not misled thereby. The evidence is undisputed that appellee lived with decedent as a member of her family, and no circumstances are alleged or proved from which the law would imply that decedent expected pay from appellee, or that he intended to pay for the board and clothing furnished him by decedent. On the contrary, the facts and circumstances shown by the evidence clearly raise the presumption that the necessaries furnished appellee were not to be paid for. *Wright* v. *McLarinan* (1883), 92 Ind. 103, 105; *Fuller* v. *Fuller's Estate* (1898), 21 Ind. App. 42, 45, 51 N. E. 373; *Williams* v. *Resener* (1900), 25 Ind. App. 132, 134, 56 N. E. 857.

There was evidence that appellee's services were worth five dollars a week above his board and cloth-

ing, and the verdict indicates. that it was based upon this evidence.

No reversible error is shown by the record. Judgment affirmed.

Batman, J., not participating.

NOTE.—Reported in 118 N. E. 571.