WINER ET AL. *v.* MAST.

[No. 17,965.   Filed November 5, 1896.]

COLLATERAL ATTACK.—*Judgment by Default.—Quieting Title.*—An order setting aside a default can not be collaterally attacked in a subsequent action to quiet title.   *p. 180.*

JUDGMENT.—*Setting Aside Default.*—Where a judgment has been taken by default, and upon application of the defendant the default is set aside and the judgment opened up that it may be set aside, if the defense shall prove good, such judgment is preserved as a lien pending the litigation, but is abrogated upon the entering of a decree for defendant, even though the decree does not in express terms annul the original judgment.   *p. 181.*

PLEADING.—*Infant.—Plea in Bar.—Plea in Abatement.—Decree.*— Where, in a suit to forclose a mortgage the defendant sets up the fact of his infancy at the time the note and mortgage was executed, such answer, by whatever name it may have been inadvertently called, is a plea in bar and not in abatement, and the addition to the decree for the defendant of the words: "and that the same do abate" is but surplusage and may be disregarded.   *p. 185.*

INFANT.—*Right of Action During Minority.—Statute Construed.*— An infant may bring an action to set aside a default and judgment against him before he attains his majority, as the statutory provision giving infants two years after becoming of age to bring suit for cause of action accrued during minority does not prevent the bringing of actions before becoming of age.   *p. 186.*

From the Elkhart Circuit Court. *Affirmed.*

*H. C. Dodge,* for appellants.

*O. M. Conley,* for appellee.

HOWARD, J.—This was an action brought by appellee to quiet his title to certain real estate. The appellants answered the complaint by general denial, and also filed their cross-complaint, asking that their title to the same land be quieted. An answer in general denial was filed to the cross-complaint.

The case being submitted for trial, there was a finding in favor of the appellee, with judgment quieting his title. On a new trial, granted as of right under the statute, the finding and judgment were again for the appellee.

On the last trial the facts were found specially by the court, and the correctness of the conclusions of law on the facts so found is submitted for decision on this appeal.

The court found: (1) That the title to the land in dispute was, on the 5th day of April, 1890, in one James N. Dygart, from whom both parties trace title; (2) that, on April 16, 1890, the said Dygart, being at the time a minor, mortgaged said real estate to the appellants, to secure a promissory note for $250.00, executed to them on that day; (3) that, on the 8th day of December, 1890, suit was brought by appellants to foreclose the mortgage; summons was served upon Dygart, but he did not appear, and judgment of foreclosure was taken against him on default; on January 17, 1891, the land was sold to appellants on order of sale, and a sheriff's certificate was issued to them; no redemption has been had from said sale; (4) that at the ensuing term of court, on March 17, 1891, the said Dygart, being still a minor, by his complaint, moved to set aside the default and judgment taken against him on December 8, 1890; appellants appeared and

filed their demurrer to Dygart's said complaint, and also filed counter-affidavits; afterwards, on July 14, 1892, Dygart arrived at the age of twenty-one years; at the October term, 1892, on October 10, 1892, the action to set aside the default was, by order of court, stricken from the docket; but, thereafter, at the same term, on November 9, 1892, on motion of Dygart, said action was reinstated, and he filed an amended complaint, or petition, supported by affidavits, to set aside the default and vacate the judgment; and, at the same term, on November 17, 1892, all the parties being present, the court entered the following decree:

"Come now the parties, and the court now upon due consideration now orders that the default heretofore made herein be, and the same is now, set aside, and the judgment opened [but] not set aside, and the defendant is allowed to make defense herein." Thereafter, at the December term, 1892, on December 19, 1892, Dygart, in compliance with the order so made, filed his answer to appellants' complaint for foreclosure, in two paragraphs, and on December 22, 1892, he moved for judgment on his answer; and the court, on hearing the evidence, appellants' attorney being present, entered the following decree:

"Comes the defendant, James N. Dygart, and by counsel moves for judgment on the answer; plaintiffs being three times called come not, but therein make default; the cause being at issue on the answer of said defendant in abatement is submitted to the court for trial thereon, and being well advised in the premises the court, on the facts adduced, finds for the defendant on said issue; it is therefore considered, ordered and adjudged by the court that the plaintiffs recover nothing by this action and that the same do abate." Thereafter the appellants, appearing specially, asked leave to have said last mentioned judgment and de-

cree stricken out, which motion was overruled. From said decree no appeal has ever been taken; and the same is still in full force and effect.

Further findings show that appellants received a deed from the sheriff upon their certificate of sale, which deed has never been annulled, except as in the foregoing order and decree; that James N. Dygart, after becoming of age, made his deed for the land to the remote grantor of appellee, in which deed he disaffirmed all contracts, deeds and mortgages executed by him before arriving at full age; and that appellee is in peaceable possession of said property, claiming title to be the same under his deed in fee-simple through *mesne* conveyances from said Dygart. The conclusions of law were in favor of appellee, and a decree was entered confirming his title to the land.

The questions discussed by counsel on this appeal have relation to the force and effect of the order setting aside the default and the succeeding decree in favor of James N. Dygart, as both are set out in the special findings.

"Appellate Courts," as said in Elliott's General Practice, section 1032, "are much more reluctant to interfere where a default is set aside than in cases where the application is denied as evidenced by many decisons. The rule is analogous to that which prevails where new trials are granted, for, as is well known, appellate courts very seldom interfere with an order granting a new trial." Here we do not inquire whether the default was rightly set aside. The default, in fact was set aside, and the order setting it aside cannot be attacked collaterally. The contention of counsel for appellants, that as the order first made did not vacate the judgment of foreclosure taken against Dygart, but only opened up that judgment, set aside the default, and permitted Dygart to make his

defense, and as the final decree did not, in terms, annul the judgment, the same still remains in force, notwithstanding the decree in favor of Dygart on his answer filed in the original action; in other words, that although the court permitted Dygart to answer, and made its findings and decree in his favor on such answer, yet that the judgment, which had been opened for no other object than that this defense might be made, closed at once against him as soon as his defense was successful, and so as to defeat the sole purpose for which it had been opened.

We cannot think this contention tenable. "The last judgment," as said in Van Fleet, Coll. Attack, section 862, "is always conclusive that no cause existed why it should not be rendered." It may be conceded that the last judgment in this case should have formally set aside the first; but even if this be so the error is but an irregularity. The first judgment having been opened up that it might be set aside if the defense should prove good, and that defense having been sustained and a judgment thereon entered, the first judgment is in effect abrogated. At most, the first judgment would be but an opened-up judgment with all proceedings thereunder stayed, and it could be no basis to sustain any action. Its life was suspended, and has never been restored. It is *functus officio*, and another judgment has taken its place.

It has been held, too, that the setting aside of a decree, when the order should have been that it be merely opened up to allow a party to defend, although an irregularity, yet does not render the action of the court void. Van Fleet, Coll. Attack, section 660, citing *South'n Bank St. Louis* v. *Humphreys*, 47 Ill. 227. It is also clear that when a judgment is opened the plaintiff is put to his proof as if no judgment had ever been entered. 12 Am. and Eng. Ency. of Law, 138. The only

difference between setting aside a decree, and open-
ing it up in order to let a party in to defend, is that in
the former case the decree is at once annulled, while
in the latter it is permitted to stand with all the pro-
ceedings thereunder stayed, until the court may de-
termine whether the defense is good or not. If the de-
fense fails the judgment is confirmed; if the defense
succeeds a new judgment takes the place of the orig-
inal.

In making the order setting aside the default and
permitting Dygart to come in and defend, the court
seems to have been guided by the ruling in *Pierson* v.
*Holman,* 5 Blackf. 482, and *Wiley* v. *Pratt,* 23 Ind. 628.
In the latter case it was said: "Where the party was
within the reach of the process of the court, although
not served with notice, and an appearance has been
entered for him by an attorney, the court may well
require him to aver in his proceedings, to obtain relief
from the judgment, that he has a defense to the action,
and if no rights of *bona fide* purchasers have inter-
vened, the court will stay proceedings under the judg-
ment, while it preserves its lien, and permit the party
to make his defense to the original action, and, to the
extent he may succeed in that defense, relieve him
from the effect of the judgment."

In the case before us, Dygart was served with pro-
cess and judgment taken against him on default. The
court finds that the defendant was a minor at the date
of giving the note and mortgage sued on. He had,
therefore, a good defense to that action, the defense
of infancy. As the court granted his prayer to set
aside the default and permit him to make his defense,
we must presume that it was found that he had
averred, "in his proceedings to obtain relief from the
judgment, that he had a defense to the action," the
defense of infancy. Following, however, the spirit of

the precedents in the cases which we have cited, the court did not, in that order, set aside the judgment, but preserved its lien, while, at the same time, the defendant was let in to make his defense.

The finding and judgment, as shown in the special findings, were: "The cause being at issue on the answer of said defendant in abatement, is submitted to the court for trial thereon, and being well advised in the premises the court, on the facts adduced, finds for the defendant on said issue. It is therefore considered, ordered and adjudged by the court that the plaintiffs recover nothing by this action, and that the same do abate." No appeal was ever taken from this decree.

There was evidently some confusion of ideas in the making up, or in the entry of the decree so made. A plea in abatement is a dilatory plea, and not a plea to the merits. If interposed in defense, it is a tacit admission that a right of action is shown in the complaint, but sets up matter which tends to defeat or suspend the action, "but which does not debar the plaintiff from recommencing at some other time or in some other way." *Needham* v. *Wright*, 140 Ind. 190; 1 Enc. Pl. and Pr. 1.

It is true that infancy may be pleaded either in abatement or in bar, depending on the facts shown. In case the facts pleaded show, or do not deny a good cause of action, but merely disclose that the party is a minor and therefore cannot maintain or defend the action, then the plea, if made, would be in abatement. Doubtless, however, the court, in such case, would appoint a guardian *ad litem* for a minor defendant, and the trial would proceed; and even if judgment should be entered without such appointment, the error would be but an irregularity, and the judgment, if not attacked on its merits, would stand. *Cohee* v. *Baer*, 134

Ind. 375. In case, however, the facts should show that the party against whom the action is brought was a minor at the time of executing the note or other obligation sued on, then, it is plain, that no cause of action would be shown against him. The minor having been incapable of entering into the alleged contract, there would, in fact, be no contract; and the answer setting up such a state of facts would be a plea in bar, and not in abatement.

In the case before us, the findings do not set out the answer filed by Dygart. It is simply stated that "said James N. Dygart filed answer in said original cause in two paragraphs." As, however, there was a finding for Dygart and a decree entered in his favor on such answer, we must presume that the court found the answer sufficient, that it was such as the law required in the case. But in a proceeding to vacate a judgment the answer must be to the merits, and not merely in abatement. *Bristor* v. *Galvin*, 62 Ind. 352. As said in Elliott's General Practice, section 1032, "A meritorious defense must be shown by the party who seeks relief from the default. * * * The defense must be one of a substantial nature affecting the merits of the case." The only such defense shown in the findings was, that Dygart had executed the note and mortgage sued on while he was an infant. There was therefore no cause of action against him; and the answer setting up such facts, by whatever name it may have been inadvertently called, was a plea in bar and not in abatement. Unless as to necessaries, infancy is a complete defense in such an action. *Zerger* v. *Flattery*, 83 Ind. 399; *Miller* v. *Hart*, 135 Ind. 201.

The form of the finding, as showing the answer to have been one in abatement, is irregular, but in substance it is sufficient. The facts found show the an-

swer to have been in bar. The essential matter, moreover, is the decree. That reads: "It is therefore considered, ordered and adjudged by the court that the plaintiffs recover nothing by this action." That is a complete judgment against the appellants in the original action in foreclosure, and sweeps away not only the judgment which had been opened up to allow a rehearing, but also the sheriff's sale, certificate and deed which had been based upon the judgment. The addition to the decree of the words, "and that the same do abate," is but surplusage, and may be disregarded.

"In some cases," it is said in 12 Am. and Eng. Ency. of Law (1st ed.), 122, citing numerous authorities, "the judgment entered is so clearly not the judgment which the law would have pronounced on the facts established by the record, that the court will presume a clerical misprision and amend the entry." In the case before us, the findings show that a defense in bar was established, while the decree erroneously made use of words which might indicate a judgment in abatement. There is, however, sufficient to show that the decree, while irregular in form, was, in substance, one in bar. This decree, besides, has never been appealed from or set aside, but is still in full force and effect, the court, also, having expressly refused to strike it out. Whether the decree would be held good on appeal we need not say; what we decide is that it cannot be overthrown on this collateral attack.

Neither do we think that error is shown by reason of the fact that Dygart brought this action to set aside the default and judgment before attaining the age of twenty-one years. He brought his action at the term next after that at which the judgment had been entered. He was then a minor, although the decision on his petition was not rendered until after he was of full

age. The petition to set aside a default, moreover, is not the foundation of a new action, but a continuation of the original action. Besides, while it is true that under section 297, Burns' R. S. 1894 (296, R. S. 1881), infants have two years after becoming of age to bring suit for cause of action accruing during their minority, *Lehman* v.*Scott*, 113 Ind. 76; yet this statute does not prevent a minor from bringing his action before he becomes of age, as well as within the two years after he arrives at age. *Edwards* v. *Beall*, 75 Ind. 401.

The judgment is affirmed.