Wilkinson v. Wilkinson.

---

## WILKINSON v. WILKINSON.

[No. 4,741. Filed May 24, 1904. Rehearing denied October 14, 1904.]

APPEAL AND ERROR.—*Conclusion of Law.*—*Exception.*—An exception to a conclusion of law admits, for the purposes of the exception, that the facts upon which it was stated were correctly found. *p. 541.*

LIMITATION OF ACTIONS.—*Guardian and Ward.*—*Infancy.*—A claim against a guardian for money alleged to be due his ward is barred by the statute of limitations, where the full limitation of the statute has run during the ward's disability, and the action on the claim was not brought within two years after the disability was removed. *pp. 541–544.*

From Jay Circuit Court; *John M. Smith,* Judge.

Wilkinson v. Wilkinson.

Action by Fred H. Wilkinson against Samuel R. Wilkinson. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*F. B. Jaqua* and *Rowland Evans,* for appellant.

*J. W. Headington,* for appellee.

Henley, C. J.—The assignment of error upon which this appeal is prosecuted is the single specification that the trial court erred in its first conclusion of law. The first conclusion of law was as follows: "That as to the item of $492.95, and the interest thereon, the same is barred by the statute of limitations of six years." The exception to the conclusion of law admits that the facts upon which it was stated were correctly found.

The facts so found, in so far as they are applicable to the question here presented, were substantially as follows: On the 30th day of March, 1875, William H. Wilkinson, a widower, died intestate at Washington county, Iowa, leaving surviving him, as his only heirs, four minor children, viz., Elmer E., Charles, William O., and the appellant Fred H. Wilkinson. Said decedent left an estate in Jay county, Indiana, consisting of personal property. On the 14th day of April, 1875, one C. C. Wilkinson, the father of decedent, was, by the circuit court of Jay county, Indiana, appointed administrator of the estate of the decedent, and, as such administrator, took charge of and control of the property of decedent. On the 3d day of April, 1875, the said C. C. Wilkinson was by the Jay Circuit Court appointed guardian of the four minor children of decedent. That, as administrator of decedent's estate, the said C. C. Wilkinson charged himself with the sum of $2,231.33, and in his final report, which was approved by the court, took credit for $1,793.53 paid over to himself as guardian of decedent's heirs heretofore named. On the 7th day of June, 1875, the said C. C. Wilkinson filed in the Jay Circuit Court his final report as guardian of said minor children, in which report he charged himself with

the sum of $1,793.53 and took credit for moneys paid out in the sum of $110.20, leaving a balance in his hands as such guardian of $1,683.33, and in said report resigned as guardian, and asked to be discharged from any further liability thereunder. This report was approved by the court and the guardian discharged. On the 15th day of June, 1875, appellee applied to the Jay Circuit Court for letters of guardianship of the persons and estates of three of said minor children, viz., Elmer E., Charles, and William O. Wilkinson, and on said date appellee was duly appointed guardian of the minors so named in his application. On the 1st day of July, 1875, appellee filed in the Jay Circuit Court an inventory as such guardian, charging himself with the sum of $1,683.33. On the 19th day of March, 1877, said appellee, as guardian of the three minors named in his application, filed his report with the Jay Circuit Court, charging himself with the amount of the inventory heretofore mentioned, together with interest collected and accrued, in all amounting to $1,913.46, and in said report apportioned said sum of money to his said wards, Elmer E., Charles, and William O. Wilkinson, but did not account for the sum of $58.34 which had been received by him on the 6th day of May, 1876. In May, 1875, Elmer E. Wilkinson, one of appellee's wards, died in Jay county, Indiana, intestate, unmarried, and without issue. All of said money so held by appellee was kept at interest until the 13th day of October, 1879, at which time appellee reported to the court the death of one of his wards, Elmer E., as before stated, and in his report at that date he apportioned the funds in his hands the same as before, except that after deducting $50 out of the estate of Elmer E. to purchase a monument, the residue of the amount theretofore apportioned to Elmer E. was equally divided between his surviving brothers Charles, William O., and Fred H., the appellant herein. This report was examined and approved by the court. On the 6th day of December,

1890, Charles Wilkinson was of full age and on the 31st day of December, 1892, William O. Wilkinson was of full age. Appellee on each of said last-named dates reported to the court, as such guardian, the fact that his wards had arrived at their maturity, and showed that he had paid over to each of them the part apportioned to each of them in the first report, together with the one-third inherited from their deceased brother Elmer E. The reports were approved, and appellee discharged. On the 15th day of July, 1875, and up until July 23, 1886, appellee was not the guardian of appellant Fred H. Wilkinson. Of the moneys and interest received by appellee as guardian of Elmer E., Charles, and William O. Wilkinson, on July 1, 1875, and May 30, 1876, and by said guardian apportioned to his said wards, one-fourth thereof was in fact the property of appellant Fred H. Wilkinson, and his said part amounted to $492.95, which amount was never paid over to appellant, or to anyone for his benefit, and which sum was distributed by appellee as guardian to his said wards, Elmer E., Charles, and William O. Wilkinson, except $58.34, collected by appellee, which was never charged or accounted for by such guardian. Appellant became twenty-one years old on the 25th day of January, 1896. The complaint in the cause was filed on the 6th day of August, 1900. Appellant's cause of action for the recovery of one-fourth of $1,683.33 and $58.34, and the accumulations thereon, accrued on the 1st day of July, 1875, and the 30th day of May, 1876, respectively. That appellee at all times knew that appellant was living in the state of Iowa when the before-mentioned moneys were received, and had full knowledge of the facts herein found.

There is no finding of fraud, nor is there, in fact, any finding which would create a suspicion of unfair dealing or concealment, so far as the particular item is concerned which is in controversy in this appeal. The plain question is presented whether or not appellant's claim is barred by

the statute of limitations. The dates when appellant's cause of action accrued, when he became of age, and when his action was commenced, are properly found as facts, and are by appellant admitted to be true; and although the appellant was under legal disability when the statute of limitations began to run, and the full limitation has run during such disability, the action must be brought, under our own statutes, within two years after the disability is removed. This appellant did not do. *Davidson* v. *Bates,* 111 Ind. 391; *Walker* v. *Hill,* 111 Ind. 223; *King* v. *Carmichael,* 136 Ind. 20, 43 Am. St. 303; *Fourthman* v. *Fourthman,* 15 Ind. App. 199. See §279 Burns 1901; *Wright* v. *Kleyla,* 104 Ind. 223.

The record as it comes to us presents no reversible error. Judgment affirmed.