LEO DECOSTA *vs.* YE CRAFTSMAN STUDIO INC.

Suffolk.   October 6, 1931. — March 1, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Limitations, Statute of.   Infant.   Negligence,* Motor vehicle.

The provisions of § 4 of G. L. c. 260, in the amended form appearing in St. 1929, c. 29, § 1, did not bar an action by a minor to recover compensation for injuries sustained in October, 1929, as a result of being struck by an automobile owned by one insured under the compulsory motor vehicle insurance law although the action was brought more than a year after the cause of action accrued, if it was not brought more than one year after the disability of infancy was removed, the provisions of § 7 of c. 260 being available to the plaintiff.

The provisions of said § 7 do not require the minor to wait until after the disability of infancy is removed before bringing such action.

TORT.   Writ in the Municipal Court of the City of Boston dated January 26, 1931.

In the Municipal Court, the action was heard by *Carr,* J. Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $500 and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*J. F. Casey,* for the defendant.

*E. M. Sullivan,* for the plaintiff.

RUGG, C.J.   The plaintiff, a minor, seeks to recover in this action of tort compensation for personal injuries received on October 28, 1929, as a result of being struck by an automobile owned by the defendant, insured by it under the compulsory motor vehicle insurance law, and operated by its agent. The writ is dated on January 26, 1931.

1. The first point for decision is whether the action was seasonably brought. The governing statutory provisions are G. L. c. 260, §§ 4, 7, 19. Said § 4 was amended by St. 1921, c. 319, § 1, St. 1925, c. 346, § 10, and St. 1929, c. 29, § 1 (see now St. 1931, c. 458, § 5), so as to read (so far as here material): ". . . actions of tort for bodily injuries . . . the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues." The relevant words of § 7 are: "If the person entitled thereto is a minor . . . the action may be commenced within the time hereinbefore limited after the disability is removed." Section 19 is in these words: "If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply." These sections are parts of the chapter of the General Laws devoted in general to the "Limitation of Actions." In the main that chapter governs the subject of limitations save as other special limitations may exist. These sections, considered by themselves and in connection with the scope of the chapter, are to be construed as constituting a harmonious entity. Thus interpreted, the terms of § 4 must be regarded as modified by § 7 in all cases where the facts render it relevant. Where, therefore, a minor is entitled to maintain any of the causes of action enumerated in § 4, the period of limitations within which such minor might commence the enforcement of his rights in the courts would be extended in accordance with the terms of § 7 as modified by special provisions, if any, as specified in § 19. If examination be made of the relevant sections of G. L. c. 260, alone, plainly the plaintiff would not be barred by § 4 but would be entitled to the benefit of § 7.

The defendant contends that "special provision is otherwise made" relative to the case at bar within the meaning of § 19 of G. L. c. 260, and that therefore the extension in favor of minors contained in § 7 is not applicable. That contention is based on the circumstance that the compulsory motor vehicle insurance law contains such special limitation. That contention involves inquiry into the nature

of the plaintiff's cause of action and the effect upon it of the compulsory motor vehicle insurance law.

The cause of action here in issue arises under the common law. It is not created by statute. It accrued at the time the plaintiff received his injuries. *McLearn* v. *Hill*, 276 Mass. 519, 522. Confessedly, also, this is a cause of action, payment of judgment in which is required to be secured by G. L. c. 90, as amended. Elaborate provisions are made requiring compulsory insurance or other financial protection to secure payment of damages for bodily injuries caused by the negligent operation of motor vehicles. St. 1925, c. 346, as most recently amended by St. 1928, c. 381, and St. 1930, c. 340. The statutes to that end were adopted after prolonged study by a legislative committee and careful preliminary preparation of the proposed remedial legislation. See *Opinion of the Justices*, 251 Mass. 569, 594; *Opinion of the Justices*, 251 Mass. 617. The framework of that remedial legislation is significant of the purpose of the General Court in enacting it. In this connection it will be sufficient to examine the original act without adverting to its amendments. That act was St. 1925, c. 346. By its first two sections ten entirely new sections are inserted in G. L. c. 90. That chapter relates to motor vehicles. Those sections constitute the essence of said c. 346. Thereby compulsory security for the payment of damages for bodily injuries, including death, caused by motor vehicles, is established. The remaining sections are ancillary to the first two sections. Sections 3–10, both inclusive, are in form amendments to other chapters of the General Laws. Their force and effect are to modify sections of those other chapters so that, in addition to matters theretofore the subject of statutory regulation, are included the new matters required by the compulsory motor vehicle insurance law. By § 3, a board of appeal as to motor vehicle liability policies and bonds is established by adding a section to G. L. c. 26, a chapter relating to the department of banking and insurance. By §§ 4, 5, and 6, new or amended sections are added to G. L. c. 175, which relates to insurance. By § 7, amendment is

made to G. L. c. 159, § 46, in respect to motor vehicles used by those conducting the business of common carriers of passengers. By § 8, amendment is made to G. L. c. 221, touching corporations engaged in acting as surety on motor vehicle bonds. By § 9, amendment is made of G. L. c. 229, concerning actions to recover compensation for death. By § 10, amendment is made of G. L. c. 260, relative to the limitation of actions. The remaining three sections deal with subsidiary and incidental matters. The frame of the act, therefore, bears unmistakable indication that all its provisions are intended to fit into and become a part of the general statutory scheme already existing. Its dominating sections are a part of the chapter relating to motor vehicles. Its remaining important sections are distributed among other chapters likewise covering specified subjects by general provisions. If a new revision of the statutes were made, no new chapter would be needed to comprehend this subject matter but all its terms would find places within existing chapters. With reference to the subject of limitation of actions, no special provision is made but existing general sections are modified so as to be adapted to special features of the compulsory motor vehicle insurance law. If that had been the purpose of the General Court, it would have been simple to provide a definite statute of limitations to the effect that no action could be commenced to recover damages for bodily injuries, payment of which was secured under the act, except within one year after the cause of action accrues. No such provision is found. The Legislature chose rather to refer the limitation touching actions for death to the pertinent general section of the chapter permitting recovery of damages for death, and the limitation touching all other actions to the pertinent section of the chapter touching the general limitation of civil actions.

The provision of G. L. c. 260, § 4, as finally amended, so far as now pertinent, by St. 1929, c. 29, § 1, is left in its new form otherwise undisturbed as a part of the main statutory provisions as to limitations of actions. There has been no amendment of either § 7 or § 19 of said c. 260.

It would be a forced and unnatural construction to hold that § 7 was not as much applicable to § 4 in its new form as it had been before any amendment.  Actions for bodily injuries secured by the compulsory motor vehicle insurance law are by the amendment commingled in § 4 with other actions in respect to which there is no ground for contention that the provisions of § 7 in favor of minors are not applicable.

Plainly, it was not within the contemplation of its framers that there should be conflict of construction between the several parts of G. L. c. 260.  It is a short and comprehensive chapter.  The natural interpretation of § 19 in exempting from the sweep of the chapter instances where "special provision is otherwise made relative to the limitation of any action" is that such other provision exists outside the terms of c. 260.  Instances where it has been held that § 19, or the corresponding section of earlier laws, was applicable, have related to such outside provisions.  It was decided in *French* v. *Marshall*, 136 Mass. 564, that the earlier statute corresponding to G. L. c. 137, § 1, limiting an action to recover money lost in gaming to three months from the time of loss, was such special provision otherwise made and that an infant who had thus lost money could not rightly invoke the benefit of the statute now embodied in G. L. c. 260, § 7.  In *Hill* v. *Arnold*, 199 Mass. 109, it was held that the action authorized and limited by what is now G. L. c. 205, § 35, against the sureties on a guardian's bond, was also such special provision.  The opinion in that case reviews numerous other decisions where there is such special provision.  Doubtless there are other such special provisions scattered through the statutes.  See *Castaline* v. *Swardlick*, 264 Mass. 481.

The principle on which rest *Bickford* v. *Furber*, 271 Mass. 94, and *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, does not aid the defendant.  The reason is that those actions were to recover damages for death caused by specified negligence.  That cause of action did not exist at common law.  It is the special creation of G. L. c. 229, § 5, as most recently amended by St. 1925, c. 346, § 9.  The requirement as to the time within which such an action must be commenced is a limitation upon the right as well as upon the remedy, and is not a

statute of limitations.   There was imported into said § 9 a reference to § 4 of G. L. c. 260, as matter of convenience, without changing the nature of the limitation as being upon the right as well as the remedy, but no other part of that chapter was incorporated.   The provisions of said c. 229 as to recovery of damages for death are not within the scope of the general provisions of said c. 260 as to limitation of actions; but said c. 229, § 5, as amended, contains "special provision" otherwise made as to the limitation of actions for death within the meaning of § 19 of said c. 260, so that any provision of the latter chapter inconsistent with such "special provision" does not apply.

The conclusion seems to us irresistible that the infancy disability provisions of § 7 are available to a plaintiff in an action like the present, and that the lapse of one year after the cause of action accrued is not an absolute bar.

2. The second point urged in behalf of the defendant is that, since one year elapsed after the cause of action accrued without suing out the writ, the plaintiff cannot now bring this writ but must wait until the disability of minority is removed.   That contention is based upon a highly technical and impractical interpretation of G. L. c. 260, § 7, already quoted.   That section was manifestly enacted for the benefit of the minor.   The general policy of the law is that causes of action ought to be tried in courts before the evidence is lost and while memory is fresh.   It would be strangely lacking in common sense to compel an infant to wait helpless and without possibility of redress for his grievances during the period between the expiration of the limitation barring actions by those of full age and of sound mind and the time of reaching his majority.   Such a meaning would not be adopted unless compelled by statutory language of unmistakable import.   The reasonable construction of the section is that action may be maintained by the minor at any time before it is finally barred.   That is the conclusion reached by all courts, so far as we are aware, where the question has been raised.   *Chandler* v. *Vilett,* 2 Saund. (6th ed. [1845] by Edward Vaughan Williams) 120, 121a, 121b.   *Forbes* v. *Smith,* 11 Exch. 161.   *Carson* v. *Jackson,* 52 App. D. C. 51.   *Snare*

& *Triest Co.* v. *Friedman,* 94 C. C. A. 369. *Hopkins* v. *Virgin,* 11 Bush. 677. *Whirley* v. *Whiteman,* 38 Tenn. 610, 616. *Smith* v. *Felter,* 32 Vroom, 102, 104.
*Order dismissing report affirmed.*