NORRIS, BY NEXT FRIEND v. MINGLE.

[No. 27,434. Filed October 21, 1940.]

*Busby & Davisson,* of Anderson, for appellant.

*Pence, O'Neill & Diven,* of Anderson; and *Emmett S. Huggins,* of Indianapolis, for appellee.

TREMAIN, J.—The appellant, Jackie Norris, five years of age, sustained injuries by reason of being struck by the appellee's automobile operated on a public street in the City of Anderson on the 26th day of October, 1935. Thereafter, on the 3rd day of June, 1938, he filed an action by his next friend against the appellee to recover damages for injuries sustained. The appellee filed a demurrer to the complaint. The principal reason assigned for the insufficiency of the complaint is that the

action was not commenced within two years from the time the action accrued. The court sustained the demurrer over the objection of the appellant, who refused to plead further. Judgment was rendered that he take nothing and he appealed to the Appellate Court. The cause was transferred to this court.

Section 2-602, Burns' 1933, § 61, Baldwin's 1934, provides that an action for injuries to the person shall be commenced within two years from the date of the injury. Section 2-206, Burns' 1933, § 21, Baldwin's 1934, provides that when an infant shall have a right of action, such infant shall be entitled to bring suit thereon, and the same shall not be delayed on account of his infancy. Section 2-605, Burns' 1933, § 64, Baldwin's 1934, provides that any person being under legal disabilities when the cause of action accrues may bring his action within two years after the disability is removed. Clause 6 of § 2-4701, Burns' 1933, § 1217, Baldwin's 1934, provides as follows:

> "The phrase 'under legal disabilities' includes persons within the age of twenty-one (21) years, or of unsound mind, or imprisoned in the state prison, or out of the United States."

Section 2-207, Burns' 1933, § 22, Baldwin's 1934, provides that before any process shall issue in the name of an infant who is the sole plaintiff, a competent and responsible person shall consent in writing to appear as the next friend, and that the next friend shall be responsible for costs. Section 2-208, Burns' 1933, § 23, Baldwin's 1934, provides that the court may require the next friend of an infant, in an action to recover damages, to execute a written undertaking to such infant that the next friend shall duly account to the infant for all moneys which may be recovered.

The foregoing sections of the statute are discussed by the appellant and appellee in their briefs, each of whom places a different construction upon the provisions therein contained. It is the appellee's position that, since the infant did not commence his action within two years from the date he sustained the injuries, he is barred from maintaining it until he arrives at the age of twenty-one years, after which he has two years in which to file the action. In making this assertion the appellee relies upon the proposition that the statute of limitations runs against the appellant during his minority the same as if he were an adult, and after two years from October 26, 1935, had expired, appellant's cause of action was barred subject to the additional right given him by § 2-605, *supra*, to prosecute the same within two years after reaching his majority. To sustain this position the appellee cites *Wilkinson* v. *Wilkinson* (1904), 33 Ind. App. 540, 71 N. E. 169; *Davidson* v. *Bates* (1887), 111 Ind. 391, 12 N. E. 687; *Walker* v. *Hill* (1887), 111 Ind. 223, 12 N. E. 387; *King* v. *Carmichael* (1893), 136 Ind. 20, 35 N. E. 509, and several other decisions. These decisions recognize the rule that the statute runs during the disability and for two additional years after the disability is removed.

In *Wilkinson* v. *Wilkinson, supra,* the full limitation of the statute had run during the infant's disability and the action was not brought within two years after the disability was removed. *Davidson* v. *Bates, supra,* held that the five-year statute there involved began to run against the infants upon the accrual of the action; that the only effect of infancy was to give two years after the disability was removed in which to file the action. *Walker* v. *Hill, supra,* recognizes the rule that the statute begins to run when the action accrues regard-

less of whether the claimants are adults or infants. The court said (111 Ind. 237) :

> "Under our law the statute of limitations began to run against the appellants, notwithstanding their infancy, when their causes of action herein accrued, and the only effect of such disability was to give each of them, if the full limitation had run during his or her infancy, two years after the disability was removed within which he or she might sue."

*King* v. *Carmichael, supra,* in discussing the running of the statute as to persons under legal disability, holds that, if the statute "has fully run before the disability expires, an action may be brought within the time limited after the disability is removed." All of the decisions cited and relied upon recognize this rule.

In the instant case the two-year statute had fully run before the action was commenced, during which time the appellant was under the disability of infancy. Thereafter, during the continuance of the disability of infancy, the action was commenced by a next friend. The authorities relied upon by the appellee do not go to the extent of holding that appellant had two years immediately following his injury in which to file an action to recover damages, and if he did not file the action within that period he would be compelled to wait until he had arrived at the age of twenty-one years. Under the appellee's construction of the statute there would be a period of fourteen years—from seven years to twenty-one years—when no action could be maintained. The precise question does not appear to have been passed upon specifically by a court of review in this state.

Each of the sections of the statute above referred to is a part of Chapter 38, Special Session of the General

Assembly of 1881. Necessarily the sections should be construed together in order to arrive at the intention and meaning of the Legislature. By so construing them it must be recognized: First, that an action to recover damages for injuries to the person shall be commenced within two years from the date of the injury. Second, if the injured person is under disabilities, the action may be commenced within two years after the disability is removed. Third, the phrase " 'under legal disabilities' includes persons within the age of twenty-one (21) years, or of unsound mind, or imprisoned in the state prison, or out of the United States." Fourth, that, if the sole plaintiff is an infant, no process shall issue in his name, but a competent and responsible person shall consent in writing to appear as a next friend, and will be required to execute a bond to the infant to account for damages recovered. It is clear from a consideration of all of the sections of the statute that the time in which an action may be filed begins to run against an infant or other person under legal disabilities at the time the injuries are sustained, and, if the statute has completely run as against an infant, he has two additional years after arriving at full age. The section of the statute giving the two additional years extends the statute of limitations in favor of persons under legal disabilities for two years beyond the removal of the disabilities.

If the statute should be construed as appellee contends, a person under the legal disability of infancy would be barred from filing the action after the first two-year period had run until he arrived at the age of twenty-one years. Section 2-206, Burns' 1933, § 21, Baldwin's 1934, gives the infant the right to maintain the action notwithstanding his infancy, and it cannot be delayed on that account. It

seems clear that the infant may maintain the action at any time from the date of the injury until he is twenty-one years of age, plus an additional period of two years.

This court in *Edwards* v. *Beall* (1881), 75 Ind. 401, recognizes this rule. That was an action involving the title to real estate where the defendant insisted that the claimant had no right to bring his action before he arrived at the age of twenty-one years. The court, in deciding that the objection was improperly raised, said that even had the objection been raised in the correct manner, the statute of limitations relied upon merely covered the period of time which the plaintiff had after he became of full age in which to bring this suit, and did not prevent him from bringing the action before he came of age. To the same effect is *Winer* v. *Mast* (1896), 146 Ind. 177, 45 N. E. 66.

A similar statute is in force in the State of Illinois, and was before the Appellate Court of the state in *In re Sheehan's Estate* (1937), 290 Ill. App. 551, 9 N. E. (2d) 63. In that particular case the infant was the owner of a certain note and was under guardianship. Certain action was taken by one guardian in reference to the note which need not be here recited, nor is it important that another guardian was of unsound mind during part of the time. The question was presented by showing that more than ten years had elapsed from the time the cause of action had accrued until the claim was filed during the minority of the ward, and it was held that, where the full period of limitation runs during the minority of the owner of the note, she has the entire period of her minority and two years thereafter in which to assert claim; that the infant was not barred because she had a guardian during the statutory period; that the claim belonged to the infant and not to the guardian. Even though the guardian neglected to take

action upon her ward's note, it is held that the ward cannot be deprived of her right to file and maintain the action upon arrival at the age of twenty-one years; that the guardian had authority to demand and sue in his own name as guardian; that it was his duty to do so in behalf of his ward; "but it does not follow as a matter of law that if an unfaithful or heedless guardian does not prosecute his ward's demand within the general limitation period prescribed in the statute that the minor is thereby deprived of his or her statutory rights.

"In view of the saving clause as to minors in our limitation statute, we are of the opinion that the rule in this state is that enunciated in Corpus Juris, Vol. 37, p. 1020, wherein it is said: 'In some jurisdictions the rule is laid down that the statute of limitations begins to run against an infant when the cause of action accrues, the only effect of this disability being to give him, if the full limitation has run before he reaches his majority, a designated period thereafter within which he may sue, but not forbidding him to sue during his minority.' "

The action in the instant case belonged to the infant. It was not the action of the next friend. The statute clearly and expressly authorized the infant to file the action at any time during his minority and two years thereafter. It has always been the policy of the law in this state that the courts should carefully guard the rights of minors, and that a minor should not be precluded from enforcing his rights unless the same are clearly barred on account of some statutory or constitutional provision. There is no constitutional or statutory prohibition in this state against the appellant's claim in the case at bar as to when he may assert it, except the express statutory sanction to assert it at any time during his minority and within

two years thereafter. He should not be deprived of his right in the manner suggested by the appellee.

The case of *Johnson* v. *United States* (1937), 87 F. (2d) 940, 109 A. L. R. 949, together with an exhaustive annotation, affords an instructive brief upon the question here discussed. It should be sufficient to cite the authority without further discussion in this opinion. The authorities there collected, including two from this state, leave no doubt as to the correctness of the interpretation of the statute as announced herein, and the right of the infant to maintain the action as filed.

A case in point clearly discusses statutes similar to those of this state and sanctions the holding herein. See *DeCosta* v. *Ye Craftsman Studio, Inc.* (1932), 278 Mass. 315, 180 N. E. 151. The provisions of the statutes discussed confirm the belief that the appellant possessed the legal right to maintain the action at the time it was filed; that he had that right during the entire period of his minority and for a period of two years thereafter.

It necessarily follows that a demurrer should not have been sustained to the complaint upon the ground that the action was not filed within two years from the date of its accrual. It is, therefore, ordered that the judgment of the lower court be reversed, with instructions to proceed in accordance with this opinion.

NOTE.—Reported in 29 N. E. (2d) 400.