**Beverly T. DOUGHTY, Guardian of Richard Allen Currier**

v.

**Alfred HOISINGTON.**

**Civ. A. No. 4769.**

United States District Court
D. Vermont.

March 13, 1967.

Cornelius O. Granai, Barre, Vt., for plaintiff.

Wick, Dinse & Allen, Burlington, Vt., for defendant.

OPINION

LEDDY, District Judge.

This is an action to recover for personal injuries to Richard A. Currier, a minor born January 29, 1946, brought by his guardian, Beverly T. Doughty. Complaint was filed in United States District Court for the District of Vermont on January 11, 1967. Following the essential recitations of diversity of citizenship and amount in controversy, it was therein alleged that on October 4, 1958, Currier, while riding a bicycle along a public highway in Vermont, was struck by an automobile negligently operated by the defendant.

In his answer, the defendant pleaded, inter alia, the following affirmative defenses:

"3. The action is barred by the Statute of Limitations.

4. The plaintiff is no longer a minor and therefore the plaintiff is not

properly before the Court and fails to state a cause of action, and the Court has no jurisdiction over the parties."

On hearing relative to these defenses, the defendant abandoned defense number 4, but contended that since suit was commenced more than eight years after the date of the accident, it was barred by 12 V.S.A. § 512, which provides, in pertinent part:

"Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after: * * * (4) Injury to the person suffered by the act or default of another * * *."

He also argued that 12 V.S.A. § 551, relied upon by the plaintiff, does not remove the bar in this case. That section provides:

"When a person entitled to bring an action specified in this chapter is a minor * * * at the time the cause of action accrues, such person may bring such action within the times in this chapter respectively limited, after the disability is removed."

It is the defendant's position, as I understand it, that the effect of these two sections, construed together, is that a minor may bring his action, by his guardian or next friend, within three years after the cause of action accrues, or, in his own right, within three years after he attains majority, but at no other time. He may not seek redress during that hiatus between three years following the accrual of his cause and the time he becomes an adult. If, for example, the minor is less than one year old at the time of his injuries, and suit is not brought by a guardian or next friend before the child is four years old, he must wait seventeen years—until he is twenty-one—before suit may be instituted.

■ In this diversity suit to enforce a state-created right, this court must follow the Vermont statute of limitations. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

The defendant relies on Murray v. Allen, 103 Vt. 373, 154 A. 678 (1931), an action of tort for malpractice brought against a surgeon. There the question, arising under the predecessor of 12 V.S.A. § 512, was whether the statutory period of limitation began to run at the time the surgeon allegedly failed to remove gauze sponges from the patient or not until that error was later discovered by the patient. Holding that the cause of action accrued, and hence the period began to run, at the earlier time, the Vermont Supreme Court rejected the plaintiff's plea that the case be considered free from any technical application of the statute of limitations, saying, "It is unfortunate for her that her right of action is no longer available, but to make it so we cannot disregard the plain wording of the statutory provisions applicable to the case." 103 Vt. at 378–379, 154 A. at 680.

But in the present case the question more properly focuses on the effect of section 551 on the limitation prescribed by section 512. At least in the context of this case, it cannot be said that there is a "plain wording of the statutory provisions applicable to the case" which would be controlling. And I have found no decision, nor has one been brought to my attention, in which the Vermont Supreme Court has construed the two sections together, as it is conceded they must be, so as to determine the point in issue.

■ It therefore becomes the duty of this court, "by looking to the same sources which a Vermont court would presumably consult and by weighing the comparative reasoning of learned authors and conflicting judicial decisions for their intrinsic soundness, to define the pertinent law which when thus ascertained is presumably the law of Vermont even though as yet unannounced by a Vermont Court." Deveny v. Rheem Mfg. Co., 319 F.2d 124, 130 (2d Cir. 1963).

Under statutes similar to the Vermont provisions in question, other courts have held that a minor may institute his suit at any time from the date his cause of

action accrues until that time after he reaches majority when the additional period granted by the saving provision for the benefit of minors has expired. See, e. g., Bliven v. Wheeler, 23 R.I. 379, 50 A. 644 (1901); Norris v. Mingle, 217 Ind. 516, 29 N.E.2d 400 (1940).

█ The opinion of the Massachusetts Supreme Judicial Court in DeCosta v. Ye Craftsman Studio, Inc., 278 Mass. 315, 180 N.E. 151 (1932) seems especially appropriate. In this instance, I am confident that the reasoning there adopted would commend itself to the Vermont Supreme Court and, therefore, disposes of the contention urged by the defendant here. That case was an action brought to recover for a minor's personal injuries received when he was struck by the defendant's automobile. The accident occurred on October 28, 1929; suit was commenced on January 26, 1931. The bringing of such actions was generally limited to a period of one year following the accrual of the cause of action, but it was also provided by statute that, "If the person entitled thereto is a minor * * * the action may be commenced within the time hereinbefore limited after the disability is removed." Under this statute, so strikingly similar to the Vermont provision in question, the defendant contended, as does the defendant here, that suit could not be brought more than one year after the cause accrued but before the minor became an adult.

Rejecting such a construction, the court stated:

"That contention is based upon a highly technical and impractical interpretation of [the statute]. That section was manifestly enacted for the benefit of the minor. The general policy of the law is that causes of action ought to be tried in courts before the evidence is lost and while memory is fresh. It would be strangely lacking in common sense to compel an infant to wait helpless and without possibility of redress for his grievances during the period between the expiration of the limitation barring actions by those of full age * * * and the time of reaching his majority. Such a meaning would not be adopted unless compelled by statutory language of unmistakable import. The reasonable construction of the section is that action may be maintained by the minor at any time before it is finally barred." 278 Mass. at 320, 180 N.E. at 153–154.

Accordingly, it is the opinion of this court that this suit is not barred by the statute of limitations and it is so ordered.