**BARTON–MALOW COMPANY, INC.,**
and General Motors Corporation,
Appellants (Defendants Below),

v.

Janet G. WILBURN, Individually and as
Guardian of the Person and Estate of
Bill E. Wilburn, Wendy Wilburn, and
Seth Wilburn, Appellees (Plaintiffs Below).

No. 92S03–9007–CV–450.

Supreme Court of Indiana.

July 6, 1990.

Thomas W. Belleperche, Branch R. Lew, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellants.

William F. Conour, Thomas C. Doehrman, Conour and Doehrman, Indianapolis, for appellees.

DICKSON, Justice.

Following denial of their motion for summary judgment, appellants Barton–Malow Company, Inc., and General Motors Corporation (hereafter "Barton–Malow") brought an interlocutory appeal. The Court of Appeals affirmed in part and reversed in part. *Barton–Malow Co., Inc. v. Wilburn* (1989), Ind.App., 547 N.E.2d 1123. The plaintiffs-appellees (hereafter "Wilburns") petition for transfer. Rephrased, the following issues are presented:

A. Do minor children have a claim for the loss of parental consortium when their father has been injured by the negligence of a third party?

B. Is a wife's claim for loss of consortium barred by the statute of limitations, Ind.Code § 34–1–2–2, when the underlying claim for her husband's personal injuries is tolled due to his incompetency?

C. Does the appointment of a guardian over a mentally incompetent adult remove the incompetent's legal disability for purposes of the statute of limitations?

The first issue was recently addressed and resolved by this Court. *Dearborn Fabricating and Eng'g Corp., Inc. v.*

*Wickham* (1990), Ind., 551 N.E.2d 1135. Barton–Malow is entitled to summary judgment on Count III of the Wilburn's complaint.

■ The second issue, regarding whether a spouse's cause of action for loss of consortium is tolled along with the injured spouse's action in the event of the latter's mental incompetence, was correctly addressed in section III of the opinion of the Court of Appeals. Pursuant to Ind.Appellate.Rule 11(B)(3) we expressly incorporate the opinion of the Court of Appeals on this issue.

■ We grant transfer to address, as an issue of first impression, whether the appointment of a guardian removes a mentally incompetent adult's legal disability such that the two year statute of limitations begins to run at the time of the appointment.

Bill Wilburn suffered severe injuries at work on March 18, 1985, rendering him incompetent to manage his affairs. His wife Janet was appointed guardian of his person and estate on June 25, 1985. On September 2, 1988, Janet, individually and as Bill's guardian, filed a three-count complaint for personal injuries against Barton–Malow. Count I sought damages on behalf of Bill for his injuries.

The applicable statute of limitations for Bill's personal injury action is two years. Ind.Code § 34–1–2–2(1). However, a saving clause is contained in Ind.Code § 34–1–2–5 which provides:

> Any person being under legal disabilities when the cause of action accrues may bring his action within two years after the disability is removed.

The phrase "under legal disabilities," as used in the saving clause, is expressly defined in Ind.Code § 34–1–67–1(6):

> The phrase "under legal disabilities" includes persons under the age of eighteen [18] years, or of unsound mind, or out of the United States.

For purposes of this appeal, the parties do not contest the issue of Bill's mental incompetency resulting from the accident. It is agreed that Bill was within the saving clause at least until Janet was appointed guardian. Barton–Malow contends that the appointment removed the legal disability and that the suit had to be filed within two years after the appointment. The Wilburns argue that the appointment of a guardian does not affect the legal disability and that the suit may be filed at any time until two years after Bill is no longer incompetent.

The statutory language is clear and unambiguous. A person of unsound mind is, by express statutory definition, under a legal disability. The appointment of a guardian does not alter the fact of mental unsoundness. Therefore, it does not terminate the legal disability.

Barton–Malow contends that the saving clause should be interpreted in conjunction with Indiana's guardianship statutes which, it argues, obligate the guardian to assert a ward's personal injury claim. The Wilburns respond that a guardian's duty to take possession, protect, and preserve a ward's estate applies only to tangible property. The Wilburns further cite precedent for the analogous proposition that an action for injuries to a minor child belongs to the child, not to his personal representative. *Norris v. Mingle* (1940), 217 Ind. 516, 523, 29 N.E.2d 400, 402. Both parties present policy arguments.

Consideration of the parties' contentions regarding statutory construction is inappropriate. We need not construe a statute that is unambiguous. *Community Hosp. of Anderson and Madison County v. McKnight* (1986), Ind., 493 N.E.2d 775; *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969; *Burks v. Bolerjack* (1981), Ind., 427 N.E.2d 887.

The Wilburns contend, and Barton–Malow acknowledges, that the vast majority of jurisdictions hold that the appointment of a guardian over an incompetent does not remove the disability for purposes of the running of the statute of limitations.[1] A

---

1. *See Emerson v. Southern Ry. Co.* (1981), Ala., 404 So.2d 576; *Sahf v. Lake Havasu City Ass'n* (1986), App., 150 Ariz. 50, 721 P.2d 1177; *Mason v. Sorrell* (1976), 260 Ark. 27, 551 S.W.2d 184;

different rule has been applied only in North Carolina.[2]

We hold that the appointment of a guardian over an incompetent adult does not remove the legal disability under Ind.Code § 34-1-2-5. A person under legal disabilities may, through an appointed guardian, bring an action at any time during the legal disability or within two years after the disability is removed. On this issue only, we vacate the opinion of the Court of Appeals and affirm the order of the trial court denying Barton–Malow's motion for summary judgment as to Count I of the complaint. Except where inconsistent with the foregoing opinion, the decision of the Court of Appeals is summarily affirmed. App.R. 11(B)(3).

This cause is remanded to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

GIVAN, J., dissents without separate opinion.

Getty v. Hoffmann–LaRoche, Inc. (1987), 189 Cal.App.3d 1294, 235 Cal.Rptr. 48; Whalen v. Certain–Teed Products Corp. (1963), 108 Ga.App. 686, 134 S.E.2d 528; Pardy v. United States (1982), S.D.Ill., 548 F.Supp. 682; Newby's Adm'r v. Warren's Adm'r (1939), 277 Ky. 338, 126 S.W.2d 436; Funk v. Wingert (1919), 134 Md. 523, 107 A. 345; Rittenhouse v. Erhart (1983), 126 Mich.App. 674, 337 N.W.2d 626; Finney v. Speed (1893), 71 Miss. 32, 14 So. 465; Young v. State Dept. Social Services (1978), 92 Misc.2d 795, 401 N.Y.S.2d 955; Fassitt v. Seip (1915), 249 Pa. 576, 95 A. 273; Bourne v. Hall (1872), 10 R.I. 139; Johnson v. U.S. (1937), 8th Cir., 87 F.2d 940. See also Annotation, Appointment of Guardian for Incompetent or for Infant as Affecting Running of Statute of Limitations against Ward, 86 A.L.R.2d 965 (1962).

2. Johnson v. Pilot Life Ins. Co. (1940), 217 N.C. 139, 7 S.E.2d 475. But see Osborne v. Annie Penn Memorial Hosp., Inc., (1989), 95 N.C.App. 96, 381 S.E.2d 794.